THE LAKE ERIE AND WESTERN RAILROAD COMPANY

*v.*

RUTH KLINKRATH.

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. NEGLIGENCE—*experience of child is an important element in question of contributory negligence.* In an action for an injury to a child playing upon premises of the defendant, not only the age, capacity and intelligence of the child are to be considered upon the question of contributory negligence, but also her experience; and the omission of that element from an instruction, where the facts are close and previous experience is shown, is reversible error if no other instruction on the subject is given.

2. SAME—*when jury must be accurately instructed.* In an action against a railroad company for injuries received by a girl while playing on a turn-table on defendant's premises it is important that the jury be correctly instructed, where it is shown that the girl was thirteen years old, active, intelligent and bright, and that she had lived a long time near the railroad yard and had previously played with the turn-table, and where, on the occasion of her injury, she had been ordered away by one of defendant's employees and admonished by another to be careful.

VICKERS and FARMER, JJ., dissenting.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

JOHN E. POLLOCK, (JOHN B. COCKRUM, of counsel,) for appellant.

SIGMUND LIVINGSTON, and WILLIAM R. BACH, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, by her next friend, in the circuit court of McLean county, against the appellant, to recover damages for an injury to her person alleged to have been sustained by her while riding upon a turn-table located in the railroad yards of the appellant, in the city of Bloomington, in said county, which turn-table had been set in motion by other children about the age of the appellee with whom she was playing in and about said turn-table at the time she was injured. The trial resulted in a judgment in favor of the plaintiff for the sum of $2000, which judgment was affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

At the close of all the evidence the defendant moved the court to direct the jury to return a verdict in its favor, which the court declined to do, and the first reason urged as a ground of reversal is the action of the court in overruling such motion.

At the time the appellee was injured she lacked about four months of being thirteen years old. She was a bright, active girl for her age, had lived in the city of Bloomington a large portion of her life, and was familiar with railroads and had been at said turn-table on previous occasions. The turn-table was being re-built, and on the 10th day of December, 1905, which was Sunday, she, in company with a younger brother and several other children, went to the turn-table to play. The turn-table was located upon a plat of ground belonging to the appellant, and to get to the same the appellee was forced to leave the public street and go some distance over the private grounds of the appellant and to climb over a quantity of debris lying about the turn-table. At the time she was injured the turn-table was only par-

tially completed, and the appellee sat upon it near its outer edge and the other children pushed it around. Only a part of the concrete wall enclosing the turn-table was in place, and as the appellee approached the concrete wall, upon the turn-table as it was turning, she allowed one of her legs to hang down, and her leg and foot were caught between the moving turn-table and the concrete wall and were crushed and injured. It also appears that an employee of the appellant who saw the children at play upon the turn-table cautioned them to be careful or they would be injured, and another employee of appellant ordered them away from the turn-table. They did not go, however, and continued to play upon and about the turn-table until the appellee was injured.

We think, in view of the appellee's age and the circumstances under which she was injured, that the court could not say, as a matter of law, she was guilty of such contributory negligence that there could be no recovery.

It is also urged that the court misdirected the jury as to the law. The court, on behalf of the plaintiff, gave to the jury the following instruction:

"You are instructed that if you believe, from the evidence, that the plaintiff did exercise such care and caution as children of her age, capacity and intelligence are capable of exercising under the same circumstances, then the plaintiff cannot be charged with the want of reasonable care for her own safety."

The case, upon the facts, was a very close one. The appellee was almost thirteen years of age at the time she was injured. She had lived in the city of Bloomington, near appellant's railroad yards, for a number of years, had been at the turn-table upon which she was injured, before, and was a bright, active girl for her age, and was notified by the servants of appellant to be careful or she would be injured, and to go away from the turn-table. There are a number of reported cases in this State where children, even

younger than the appellee, have been injured under circumstances somewhat similar to the manner in which the appellee was injured, where this court has held there could be no recovery by reason of the contributory negligence of the injured child, among which are the cases of *Chicago, Rock Island and Pacific Railway Co.* v. *Eininger,* 114 Ill. 79, *Wabash Railroad Co.* v. *Jones,* 163 id. 167, *Illinois Central Railroad Co.* v. *O'Connor,* 189 id. 559, and *Heimann* v. *Kinnare,* 190 id. 156, in which last case many of the cases similar to the case at bar, reported in this State and other States, are reviewed. In view of the facts the appellant was entitled, therefore, to have the jury correctly instructed as to the law of the case. The instruction heretofore set out in this opinion omitted the element of the experience of the appellee.

In *Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526, the following language, used by Judge Thompson in his Commentaries on the Law of Negligence, (vol. 1, sec. 309,) was quoted with approval by this court: "Two lads of equal age and natural capacity, one of them raised in the country and the other in the city, might approach a given danger, and the one would be perfectly competent to care for himself while the other would be helpless in the face of it. Therefore the capacity, the intelligence, the knowledge, the experience and the discretion of the child are always evidentiary circumstances,—circumstances with reference to which each party has the right to introduce evidence, which evidence is to be considered by the jury." In that case, on page 530, the court said: "The rule established by our own decisions is, that age is not the only element to be considered, but that intelligence, capacity and experience are also to be taken into account.—*Weick* v. *Lander,* 75 Ill. 93; *City of Chicago* v. *Keefe,* 114 id. 222; *Illinois Central Railroad Co.* v. *Slater,* 129 id. 91."

The instruction referred to was the only instruction given upon the subject, and the omission therefrom of the

element of the appellee's experience was not cured by any other instruction. The appellee, by reason of the fact that she lived near the railroad tracks and had been at the turn-table before, had been warned that she was in danger of being injured and had been directed to go away from the turn-table, possessed much more knowledge, by reason of such experience, warning and direction with reference to the danger which she encountered, than children of her age, intelligence and capacity would ordinarily have had who had not had her experience in connection with the dangers which necessarily surrounded her while playing upon said turn-table. We think, therefore, in view of the holding of this court in the *Weber case, supra,* the giving of said instruction on behalf of the appellee, in the form in which it was framed, was prejudicial error.

The judgments of the circuit and Appellate Courts will therefore be reversed and the cause remanded to the circuit court for a new trial.    *Reversed and remanded.*

VICKERS and FARMER, JJ., dissenting:

We do not concur in the opinion of the majority of the court in this case. The only ground for the reversal of the judgment is the giving of the instruction set out in the foregoing opinion of the court. The omission of the element of experience from the instruction did not, it seems to us, render the instruction misleading. In the case of *Illinois Metal Co.* v. *Weber,* 196 Ill. 526, the court had before it an instruction which told the jury that "if the jury believe and find, from the evidence, that the plaintiff, while in the exercise of ordinary care for a boy of his age, was injured, * * * the jury should find the defendant guilty." That instruction was held erroneous because age, alone, was not the only element to be considered in determining a child's ability to take care of itself and the degree of care that ought to be expected of it. The instruction condemned by the majority opinion in this case is not open to the ob-

jection pointed out in the *Weber case*. The instruction here uses the words "age, capacity and intelligence," and is, we think, broad enough to include every element that was necessary to enable the jury to properly decide the question of contributory negligence. The word "experience" could add nothing to the words used in the instruction. "Capacity" means in this instruction all that "experience" means, and more besides. "Experience" is defined as "knowledge derived from proof furnished by one's own faculties or senses." "Capacity," in the sense in which it is employed by the court in the instruction in question, includes not only the experimental knowledge of the child, but also all knowledge she possessed, however acquired. "Capacity" is defined to be the measure of ability, talent; adequate mental power to receive, understand, endure, etc. In determining one's capacity to perform any given thing we would consider the experience such person may have had as well as knowledge and power acquired from study and reflection. The jury were told they must consider the child's capacity in deciding what degree of care she ought to exercise for her own safety. If this instruction was obeyed the jury must have considered the sum total of her knowledge and mental strength,—the measure of all her mental powers,— and in so doing must necessarily have considered the result of any experience the evidence proved she may have had, if any, which tended to increase her capacity to take care of herself and to form a judgment as to the danger from playing on a turn-table. In our opinion there is no more reason for holding that "experience" should be added to this instruction than there is for holding the instruction bad because it failed to include what the girl had learned at school. Her capacity included both experience and knowledge acquired from other sources, and the instruction, which required the jury to consider the age, capacity and intelligence, was legally and logically sufficient, and there was, as we respectfully submit, no error in giving it to the jury.