HENRY ADES FOWLER, Admr., Appellee, *vs.* CHICAGO AND
EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. TRIAL—*when failure to show that the deceased looked before
stepping upon track does not require directed verdict.* A failure to
show that plaintiff's intestate looked south before stepping upon the
south-bound track does not justify directing a verdict for the de-
fendant, where the train which struck him was backing north on the
south-bound track and the view to the south was obstructed by cars
on a storage track, which partly blocked the crossing, and where
deceased was in a position to see a train coming from the north.

2. NEGLIGENCE—*instruction as to care required by child must in-
clude element of experience.* An instruction stating that if a child
does only what prudent children of his age, capacity and intelli-
gence would do under like circumstances he has exercised ordinary
care, is erroneous in omitting the element of experience, and the
error is not cured by an instruction for defendant which includes
such element and correctly states the law applicable to the case.

3. INSTRUCTIONS—*an instruction correctly applying law to facts
should be given where other instructions are abstract.* An instruc-
tion which correctly applies the law to the facts of the case as the
evidence tends to prove them to be and which bears directly upon
the crucial point in the case, which is the effect of the failure of
the deceased to look before stepping upon a railroad track, should
be given, even though there are other instructions, abstract in form,
requiring the jury to find the deceased was using ordinary care.

4. DAMAGES—*an instruction should limit damages to pecuniary
damages shown by the evidence.* In an action for the negligent
killing of a child the instructions should limit the assessment of
damages to the amount of actual pecuniary damages sustained, as
shown by the evidence, even though the damage to next of kin can
not be estimated by any witness in dollars and cents, since proof
may be made as to the state of health and bodily strength of the
child and his intelligence, energy, industry and general habits; and
such facts may be considered by the jury.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the City Court
of Chicago Heights; the Hon. HOMER ABBOTT, Judge, pre-
siding.

This is an appeal by the Chicago and Eastern Illinois Railroad Company from a judgment of the Appellate Court for the First District affirming a judgment for the sum of $4500 recovered by Henry Ades Fowler, administrator of the estate of Cordie L. Wall, deceased, the appellee, against appellant, in the city court of Chicago Heights, in an action on the case for damages for personal injuries alleged to have been caused through the negligence of appellant, resulting in the death of appellee's intestate. At the time of his death the deceased was twelve years of age, and left surviving him his parents, with whom he resided, three brothers and one sister.

During the forenoon of February 1, 1906, deceased was run over and killed by a train of cars attached to a switch engine in charge of a switching crew in the employ of the appellant while he was attempting to cross the tracks of that company over Twenty-sixth street, in the city of Chicago Heights. The train that struck the deceased consisted of an engine and three box freight cars, and at the time of the accident it was being backed north, with the cars north of the engine, over appellant's south-bound track, which ran parallel to and immediately west of its north-bound track. Immediately west of the south-bound track were three storage tracks belonging to appellant, the nearest of which was about eight feet away from the south-bound track. The tracks ran north and south and crossed the street at right angles. At the time the boy was killed these storage tracks were filled with cars extending south from Twenty-sixth street for several blocks, which obstructed his view of the approaching train until he had passed the cars on the east storage track. The string of cars on the east storage track extended north of the south line of Twenty-sixth street almost to the center of that street, which was sixty feet in width. When the accident occurred the deceased was going east and had just passed the north end of this string of cars. He was moving

at a "dog trot" and was going to his home, which was just east of the tracks. After he had passed the cars on the east storage track he could have seen the train coming from the south had he looked in that direction, but apparently he did not see that train, and just as he was stepping over the west rail of the south-bound track, with his face turned to the north or north-east, he was struck by the train moving north on the south-bound track and killed.

At the close of all the evidence the court denied appellant's motion for a peremptory instruction.

The declaration charged appellant with negligence in the operation of its train; in failing to sound a whistle or ring a bell, as required by statute; and in permitting freight cars to stand in Twenty-sixth street, thereby obstructing the boy's view of the approaching train.

It is insisted here by appellant (1) the trial court erred in refusing to direct a verdict in its favor; (2) the court erred in passing on instructions.

CALHOUN, LYFORD & SHEEAN, (E. H. SENEFF, of counsel,) for appellant.

B. J. WELLMAN, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In arguing that the court should have directed a verdict appellant concedes that there is evidence in the record tending to show negligence charged by the declaration, but it is insisted that there is no evidence tending to show that the deceased was in the exercise of ordinary care for his personal safety at and immediately preceding the time of the accident. This contention is based upon the fact that it does not appear that the boy looked to the south before going upon the track upon which he was injured, and upon the fact that had he so looked to the south when he was crossing the space, six or seven feet in width, immediately

west of the west rail of the track on which the accident occurred, he could have seen the approaching train and avoided injury. The boy lived with his parents in a house on Twenty-sixth street, just east of this crossing, and he was going towards his home at the time of the accident. The evidence shows that he frequently ran errands for grocers in the city of Chicago Heights and that this crossing was between his home and the business part of the town. It is apparent that he must have been familiar with this crossing, and, to some extent at least, familiar with the manner in which trains were operated over it. The track upon which he was injured was a track ordinarily used for south-bound traffic. He came upon the track from such a direction and with his head so turned that he could readily have seen, and avoided injury from, a south-bound train. The train that struck him was coming from a direction from which a train would not ordinarily be expected to come. Under these circumstances we think the question whether or not he was guilty of contributory negligence in passing upon that track was one for the jury, even though the evidence does not show whether he looked to the south before going upon that track. We consider the case a close one upon the facts, however, and it is therefore one in which the jury should have been accurately instructed. Instruction B given on the part of the plaintiff was in the words following:

"When it is said in these instructions that the deceased must have been in the exercise of ordinary care at and prior to his death, it is meant that degree of care and caution which an ordinarily prudent child of his age, capacity and intelligence, as shown by the evidence, would exercise under like circumstances and like surroundings; that is to say, if a child does only what prudent children of like age, capacity and intelligence would do under like circumstances and like surroundings, then the child has exercised ordinary care and is not guilty of contributory negligence."

Appellant urges that this instruction is erroneous because it omits the element of experience of deceased. The instruction in this respect cannot be distinguished from an instruction condemned for omitting the same element in *Lake Erie and Western Railroad Co.* v. *Klinkrath,* 227 Ill. 439. The word "capacity" does not include experience. When used with reference to mentality, as in this instruction, it means the ability to learn by experience, or otherwise. One who has capacity may have acquired certain knowledge by experience, and another, having equal capacity, from lack of like experience may not have the same knowledge. This boy's experience with reference to this crossing may have given him such knowledge of the dangers attendant upon passing over the crossing as would render a course of conduct pursued by him negligence on his part, when the same course of conduct would not be negligence on the part of an ordinarily prudent child of his age, capacity and intelligence but without his experience. The experience from which the jury may have believed he knew a north-bound train was not ordinarily to be expected on the track on which he was injured was an experience which they might have believed had taught him that trains were frequently switching over this crossing, and that it was necessary to use more care in passing over these tracks to avoid injury than would be necessary in passing over tracks where switching was not carried on. It is true that in an instruction given for appellant the law of ordinary care governing the deceased was correctly stated, and in that instruction the element of experience was included. It is insisted that the error in instruction B, if any, was thereby cured. That is not the case, because the instruction last mentioned advised the jury that if the plaintiff exercised the degree of care and caution which an ordinarily prudent child of his age, capacity and intelligence would exercise, then he had exercised ordinary care and was not guilty of contributory negligence. The two instructions were in conflict,

The jury could not determine which to follow. Instruction B should not have been given.

The first instruction requested by the appellant was refused by the court, and reads as follows:

"If the jury believe, from the evidence, that ordinary care on the part of Cordie L. Wall for his own safety required him, before stepping upon the track where he was fatally injured, at the time and place in question and under all the circumstances in evidence, to look for the purpose of ascertaining whether a train was approaching along said track and not to advance upon said track without so looking; and if the jury believe, from the evidence, that said Wall, if he had looked, could by the exercise of ordinary care have ascertained the approach of said train along said track in time to have avoided injury; and if the jury believe, from the evidence, that said Wall did not so look to ascertain the approach of said train and that he was struck and killed in consequence and because of such failure, if he did so fail to look and ascertain, in such case the court instructs the jury to find the defendant not guilty."

In *Chicago City Railway Co.* v. *O'Donnell,* 208 Ill. 267, where the facts were similar to those in the case at bar, this court held the refusal of an instruction, being the defendant's instruction No. 12 in that case, which is identical in meaning with the instruction above set out, to be error. In this case, as in that, other instructions stated the general proposition that there could be no recovery unless the deceased was using ordinary and reasonable care for his own safety at and just previous to the time when he was struck by the train, and it is urged here, as it was there, that these other instructions cover the same ground as the instruction refused. The other instructions were abstract in character. This applied the law to the facts of the case as the evidence tended to prove them to be and bore directly upon the crucial question in the case. As was said in the *O'Donnell case,* the law as stated by the refused instruction should

have been submitted to the jury, notwithstanding the giving of instructions of a general character stating the duty of the deceased to exercise ordinary care for his personal safety.

Plaintiff's instruction C, which was given by the court, is in regard to the measure of damages, and is objectionable in the same respect as was the instruction on the same subject which was condemned in *Illinois Central Railroad Co. v. Johnson*, 221 Ill. 42, on the authority of many cases there cited, viz., it leaves the jury to fix the damages, if any, without requiring them to limit the assessment to the amount of actual pecuniary damages sustained, as shown by the evidence. It is urged in support of this instruction that the amount of damages in such a case as this is exceedingly difficult of admeasurement and must therefore be very largely left to the judgment of the jury. While it is true that no witness is qualified to estimate and state in dollars and cents the amount of damages that would result to the next of kin in such case, it is also true that in such case as this it is competent to prove the state of health and bodily strength of the deceased, so that the jury may determine whether it is probable that his life would have been of long or short duration; to prove whether he was intelligent, studious and energetic, so that the jury may determine whether it is probable that he could have been fitted or would have fitted himself for some occupation in which he could have earned money in excess of the wages enjoyed by the common laborer; to prove whether he performed cheerfully and properly the tasks and duties imposed upon him, so that the jury could determine whether he would probably have become an industrious and efficient member of society; and to prove whether he was of good habits, so that the jury could determine whether or not he would probably make proper use of such ability and money-earning capacity as he might possess. These and other matters of like character may be shown and are proper for the con-

234—40

sideration of the jury, and the jury should upon such evidence, together with all the other evidence in the case, fix the damages, if any, at a sum equal to the actual pecuniary loss sustained by the next of kin. The jury is not permitted to operate in the field of pure speculation. We think the instruction now under consideration is not a correct statement of the law. Whether the judgment should be reversed in this instance on account, alone, of the giving of this instruction it is not necessary to determine.

We have disposed of all the errors which were well assigned.

For error in giving plaintiff's instruction B and in refusing defendant's instruction 1 the judgment of the Appellate Court and the judgment of the city court will be reversed, and the cause will be remanded to the latter court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*