Rosa Rumpza, Appellee, v. Knickerbocker Ice Company, Appellant.

Gen. No. 14,483.

1. VERDICT—when not disturbed. A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—when upon permanent injury appropriate. Held, that the evidence justified an instruction to the jury by which they were told among other things that they might take into consideration "the effect which such injury may have, if any; on the future health of the plaintiff."

3. INSTRUCTIONS—as to pain and suffering sustained. Held, that the instruction made the subject of complaint in this case did not authorize the jury to find damages for any pain or suffering except that caused by the injury.

4. INSTRUCTIONS—when refusal of correct not error. It is not error to refuse a correct instruction if its substance is substantially contained in other instructions given.

5. INSTRUCTIONS—when upon care required of minor defective. An instruction upon the subject of the care and caution required of a minor is defective if it omits the word "experience."

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 20, 1909.

BEN O'HARA and LAWRENCE W. POTTER, for appellant; QUIN O'BRIEN, of counsel.

ARNOLD TRIPP, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

We are reminded by counsel in this cause that it is the province and duty of the Appellate Court to reverse a judgment based on a verdict manifestly and clearly against the weight of the evidence. We have this brought to our attention too often to be likely to forget it. But it is at least equally our duty to refrain from putting ourselves into the position of a jury and

passing on degrees of credibility in witnesses who tell conflicting stories, or determining that a judgment shall not stand because based on a verdict to which we might not be inclined were we jurymen.

Whether the defendant's servant was guilty of negligence in the accident which caused the injury to the infant plaintiff, was in this case a question for the jury. We think there was evidence tending to show that the appellant's heavy team was coming at a trot on a north and south street, turned a short corner into an east and west street and knocked down the little girl, who was crossing the street on her way to school. This would constitute a fair ground on which to base the verdict, we think.

The driver of the wagon and other witnesses deny this statement of the accident and give a different description of the occurrence. But we cannot say that there is any such manifest preponderance in their version of the story as to justify us in disturbing the judgment on that ground.

The only erroneous rulings during the trial which are complained of, are those relating to one instruction given and two which were refused.

It is said that without any evidence to base it on, the third instruction given at the request of the plaintiff directed the jury to give damages for permanent injuries, and also was erroneous because it did not confine compensation for plaintiff's suffering to that caused by the accident. The instruction was as follows:

"If from the evidence the jury find the defendant guilty, then in determining the amount of damages (if any), you have a right to take into consideration the nature and extent of the injury (if any), the pain and suffering of the plaintiff (if any is shown), the length of time the plaintiff has been sick as the result of the injury (if any), *and the effect which such injury may have (if any) on the future health of the plaintiff,* and award to the plaintiff such a sum as you shall believe

from all the evidence to be a fair compensation for the injury sustained.''

We see nothing erroneous in the instruction. The phrase ''and the effect which such injury may have, if any, on the future health of the plaintiff,'' was justified by the evidence, which tended to show continued suffering to the time of the trial. Kennedy v. Swift & Co., 234 Ill. 612.

The other objection to the instruction is hypercritical. No person fit to sit on a jury would understand the instruction to require the jury to find damages for any pain or suffering except that caused by the injury.

The appellant complains because tendered instruction 27 was not given to the jury. It was as follows:

''The court instructs you that if you believe from the evidence that the defendant's servants drove the team and wagon on a slow trot and in a reasonably careful manner at and before the time of the accident, and that, when said team was near the cross-walk in question the plaintiff, Rosa Rumpza, ran north towards the center of Wrightwood avenue, and that when she had gotten part way across said avenue she stopped running and turned back and then suddenly ran north again into the pole chain or pole of the wagon, and was thereby knocked down, and if you further believe from the evidence that such action on the part of the plaintiff was a want of such ordinary care as might reasonably be expected of a girl of her age, capacity and intelligence, under such circumstances, then you should find the defendant not guilty.''

The appellant says this was the only instruction specifically covering appellant's theory of the case. We do not think this conveys an accurate impression of the instructions.

If no other of the instructions contains exactly the same hypotheses, the principles involved in some of them separately, and especially the principles clearly set forth in the instructions given, when viewed as a

series, clearly cover anything of legal doctrine which could help the jury in the instruction tendered.

Thus, for illustration merely, the difference between the hypothesis that under certain circumstances the plaintiff "suddenly ran from a place of safety on the sidewalk out into the driveway of the street and towards the team in question," as stated in the 4th instruction, and the hypothesis that the plaintiff, under the same circumstances, "ran north towards the center of Wrightwood avenue, and that when she had gotten part way across said avenue she stopped running and turned back and then suddenly ran north again into the pole chain or pole of the wagon," is not such a difference as would make against the defendant. The jury certainly would understand that the principle or doctrine which was applicable to the circumstances mentioned in the 4th instruction would have even greater strength in the case supposed in the 27th.

But apart from this, the instruction is, according to a very recent decision of the Supreme Court, defective in the omission of the word "experience" in setting up the standard by which to judge the plaintiff's conduct. Fowler v. Chicago & Eastern Illinois R. R. Co., 234 Ill. 619.

It is true that in that case the fact that the instruction (which was offered by the plaintiff) did not recognize "experience" as a necessary factor in the standard, operated in favor of the defendant and reversed the judgment against it; but the absence of the word might be as likely to militate against the plaintiff as against the defendant, and the same reason that made the instruction offered in the Fowler case by the plaintiff erroneous, made the one under discussion here, offered by the defendant, objectionable. We think, moreover, the jury were thoroughly and sufficiently instructed in the law of the case. Even though it might not be error to give a certain instruction, it does not necessarily follow that it is erroneous to refuse it.

There was, in our opinion, no error in refusing the instruction numbered 28, submitted in behalf of appellant. Examination of the medical testimony in the record entirely fails to convince us that (to use the language of defendant's argument) "there was evidence of unskillful treatment on the part of the doctors, aggravating the injury and delaying the cure." There being no such evidence, there would have been no propriety in giving the instruction.

The clerical error by which the judgment was ordered paid in "due course of receivership," when no receivership of the defendant existed, has been corrected in the court below, and a supplemental record in this court has shown it here.

We do not think the case is one for the assessment of damages for delay, but the judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*