## John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 16,033.

1. NEGLIGENCE—*failure to discover person intending to cross tracks.* If a gripman fails to discover the situation of a person and his intention to cross the tracks ·of an approaching train immediately before he is injured and in time to avoid the injury because of lack of attention to the operating of the car the defendant will be held liable.

2. DAMAGES—*effect of verdict of jury.* Held, by the writer of the opinion in this case, that the verdict of the jury as to the amount of the damages was conclusive.

3. TRIAL—*when arguments of counsel will not reverse.* It is not every improper argument which will effect a reversal. Courts are not justified in assuming that the mind of the jury is of such plastic and unreliable material as that any unjustified word of debate will cause the jury to neglect the instructions, abandon the evidence and disregard their oaths.

4. PLEADING—*when allegation of ordinary care sufficient after verdict.* Held, that after verdict an allegation of due care was sufficient which allegation was to the effect that at the time of the accident the deceased was exercising "ordinary care for one of his age and intellectual capacity for his own safety."

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the HON. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 13, 1912.

JAMES G. CONDON and C. LeROY BROWN, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE KAVANAGH delivered the opinion of the court.

On May 17, 1907, at about 3:30 o'clock in the afternoon, Patrick Welsh, a boy eight years old, was struck and killed by a car of appellant on Wentworth avenue, between Fifty-fourth and Fifty-fifth streets, in the city of Chicago. In the court below his administrator obtained a verdict and judgment for $5,000.

It is urged as ground for reversal of this judgment, first, that the verdict is not supported by the evidence. It is the theory of appellee that deceased left the west side of Wentworth avenue in an attempt to cross that street; that during all the time, except for a second or two before he was struck, he was in plain view of the motorman who caused his death. The appellee says that the boy's passage across the street was intercepted for a moment and his attention absorbed by the approach of a car going south; that he waited until this car had passed and then proceeded east across the north bound track until he reached the east rail, where he was hit by a north bound car, which came up at unusual speed, without bell ringing and without warning of any kind. If this theory be true then the question of appellant's negligence was clearly for the jury. In Perryman v. Chicago City Railway Company, 242 Ill. 269, it was decided in a case somewhat similar that, "If the gripman failed to discover the situation of the plaintiff and his intention to cross the tracks of the approaching train immediately before he was injured, and in time to avoid the injury, because of lack of attention to the operating of the cars, the defendant would be liable." To the same effect is Railway Co. v. Tuohy, 196 Ill. 410, and many other cases.

School had just let out in the neighborhood. It was a time when many children of tender years were upon the streets. Under such circumstances it was the duty of one operating a car in the neighborhood of a school to be on the lookout for children, who, with the natural heedlessness of tender years might find themselves in places of danger. It was the theory of appellant, however, that instead of being on the west side of the track the deceased, as the car which struck him approached, was standing near the curb-stone on the east side of the street; that when this car came up he ran out into the street with the intention of ''flipping'' the car, and while attempting to either catch or board the car missed his hold, slipped and rolled under the wheels. Of course if this theory were true there would be no liability.

The evidence of Thomas Harnois, a boy of fourteen, substantiates fully the theory of appellee. The testimony of Mrs. Casper Godfrey, an old lady living nearly opposite the place of the accident, supports the theory of appellant. Four other witnesses who saw the latter part of the tragedy also testified, and while perhaps in most particulars their evidence gives greater weight to the theory of appellant than that of appellee, yet this evidence cannot be said to in all respects negative the testimony of the Harnois boy. On the other hand, in some regards this testimony distinctly corroborates Harnois.

It will serve no useful purpose to enter into a critical analysis of the evidence. It is sufficient for us to point out that there is a sharp conflict in the testimony, and the decision of the case must have depended largely upon the credibility of witnesses. Therefore there would be no justification in our interference upon the first count. Also we believe that the verdict of the jury as to the amount of the damages is conclusive upon us in this case.

As a further objection to the judgment it is argued that because of the misconduct of counsel during the closing argument, the jury were unduly prejudiced. We are aware that there is a recent tendency on the part of some courts to unduly censor the arguments of counsel, and it is assumed in these cases that at the first warm and unjustified word thrown out by counsel, in the heat and enthusiasm of the argument, that the jurors will forget the evidence, the instructions of the court and the obligations of their oaths, and follow instead the unguarded and perhaps unjustified statement. However it should be borne in mind that it is the presumption of law that jurors are intelligent, honest, fearless and just. Courts are not justified in assuming that the mind of the jury is of such plastic and unreliable material as to at any unjustified word of debate neglect the instructions, abandon the evidence and disregard their oaths. We find no misconduct of counsel which would justify a reversal of the judgment.

The declaration charges that at the time of the accident the deceased was exercising "ordinary care for one of his age and intellectual capacity for his own safety."

In order to justify a recovery it is necessary that the injured person should be in the exercise of ordinary care for one of his age, intellectual capacity and experience. Fowler v. C. & E. I. Railroad Co., 234 Ill. 619; Lake Erie & Western Railroad Company v. Klinkrath, 227 Ill. 439.

If the objection made here had been urged to the declaration before plea, such objection would have been well taken, but for appellant to have invited trial upon the allegation, in its present form, and to have remained content with the allegation until after judgment, precludes him from making that objection now. Every reasonable intendment is now in favor of the

allegation. Himrod Coal Co. v. Clark, 197 Ill. 514; P. C. C. & St. L. Ry.. Co. v. Robson, 204 Ill. 254; Sargent Co. v. Baublis, 215 Ill. 430.

We find no error in the record that would justify a reversal of the judgment of the court below in this case. The judgment will, therefore, be affirmed.

*Judgment affirmed.*

FREEMAN, P. J., and GRIDLEY, J. We concur in the conclusion in this case, but do not agree with that portion of the opinion which reads as follows:

"Also we believe that the verdict of the jury as to the amount of the damages is conclusive upon us in this case."