Arthur W. Ferreira, Appellee, v. Isaac R. Diller, Appellant.

1. AUTOMOBILES—*statute regulating.* The statute requires an automobile passing any vehicle going in the same direction to pass to the left, and the vehicle about to be passed upon signal to turn to the right.

2. DAMAGES—*excessive verdict.* Where a boy fifteen years old immediately after an accident got on his feet without any bones being broken or outward appearance of injury except a sprained knee and abrasions of the skin, and the principal injury claimed

to have been suffered by the nervous system is apparently not of a permanent nature, a verdict for $5,000 damages is excessive.

3. INFANTS—*degree of care required of.* An instruction to a jury as to the degree of care required of a minor should include as elements to be considered his "capacity and intelligence."

4. INFANTS—*instructions as to measure of damages.* An instruction authorizing the jury in measuring the damages to be awarded a minor to take into consideration the effect of his injuries on his physical ability is erroneous because it includes earnings of which he would be deprived until maturity, belonging to his father.

Appeal from the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

ROBERT M. PATTON and PATTON & PATTON, for appellant.

THOMAS L. JARRETT and GRAHAM & GRAHAM, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff, a minor, began the suit by his next friend to recover damages for personal injuries sustained by him by being run over by an automobile operated by the defendant. Plaintiff recovered a verdict and judgment for $5,000, from which the defendant prosecutes this appeal.

The declaration charges the defendant with running the machine at a high and dangerous rate of speed, and that he was careless and negligent in its management.

The evidence shows that the plaintiff at the time of the accident was a boy fifteen years of age. On the date of the accident plaintiff had been to the State Fair. Plaintiff's father has a blacksmith shop on the east side of Second Street in the City of Springfield, just south of the alley midway between Jefferson and Madison Streets. There is a street car track along the center of Second Street. About half past six on

the evening of October 4, 1909, plaintiff with his father drove in a buggy from the north on Second Street to the shop where plaintiff had left his bicycle, that the boy might get it. The family live south from the shop. When the boy got the bicycle, the father started south towards his home and saw the defendant coming north on the east side of Second Street, a block and a half distant, and with his buggy passed defendant at the intersection of Jefferson Street. Plaintiff got on his bicycle in front of the shop, saw the automobile coming north on the east side of the street midway between the street car track and the curbing just after it had crossed Jefferson Street, and rode into the street intending to go south toward his home, but for some reason turned and went northwest across the street. Plaintiff states he did not see the automobile after seeing it near Jefferson Street until he was struck on the street car track by the machine. One of plaintiff's witnesses testified that when plaintiff left the curbing on his bicycle the automobile was only twenty feet south of him. The plaintiff states he did not ride on the bicycle down the alley, but mounted the bicycle at the shop door and rode northwest across the sidewalk and the curb and off the curb into the street; at a former trial he testified he rode west across the street.

The defendant testified that when he was forty-nine feet south of the alley the plaintiff rode down the alley and he began blowing the horn on the automobile and that the boy rode into the street when the defendant was about twenty feet south of the alley and he turned his machine to the northwest, toward the street car track, to go around the boy expecting him to turn north, and put on the brake and disconnected the clutch, and called to the boy, who turned and looked toward him, and turned the bicycle directly in front of the car. He also testified that he was not going over four miles an hour when the boy was

struck on the street car track and went under the car; that he then took his foot off the clutch to get the machine over the boy. The automobile was stopped a few feet distant from the boy.

The evidence is very conflicting as to the rate at which the automobile was going just prior to the accident; the evidence on behalf of the plaintiff tending to show it was going from twenty to thirty miles an hour, while that on behalf of defendant tends to prove that it was only going eight miles an hour at the crossing of Jefferson Street and was slowed down from there, approaching a railroad crossing at Madison Street and was not going over four miles an hour when plaintiff was struck.

If plaintiff was about to go north on Second Street he should have kept the right-hand side of the street; the statute requires an automobile passing any vehicle going in the same direction to pass to the left, and the vehicle about to be passed, upon signal, to turn to the right of the center of the beaten track. Stat., sec. 269, chap. 121.

The evidence shows that immediately after the accident the plaintiff got upon his feet; no bones were broken and there were no deep cuts; the only outward appearance of injury, except to the knee which was sprained, were contusions and abrasions of the skin. The injury claimed to have been suffered is principally to the nervous system, the result of shock. The injuries apparently were not of a permanent nature.

The third instruction given at the request of the plaintiff tells the jury "that if you believe from all the evidence that the plaintiff in this case, before and at the time of the injury, was in the exercise of such care and caution for his own safety as a reasonably prudent person of his age, knowledge, and experience would have exercised under the same circumstances then the plaintiff was in the exercise of reasonable care and caution for his own safety." The instruction should have included "the capacity and intelli-

gence'' of the plaintiff as elements to be considered in passing on the question of whether he had shown that he was in the exercise of due care.    Fowler v. Chicago & E. I. R. Co., 234 Ill. 619; Lake Erie & W. R. Co. v. Klinkrath, 227 Ill. 439.    Appellee relies on the dissenting opinion in the Klinkrath case as authority for the giving of the instruction.    This court must follow the opinions of the supreme court and would not be justified in following a dissenting opinion.

The instruction on the measure of damages authorized the jury to take into consideration ''the effect, if any of such injuries on his physical ability.''    Physical ability includes ability to earn and produce.    The earnings of plaintiff until he arrives at the age of twenty-one belong to his father; plaintiff would only be entitled to damages for earnings the injuries would deprive him of after arriving at maturity.    The instruction is liable to the construction that in physical ability the loss of wages is included.    We have reviewed the instructions so that on another trial the criticisms now made may be avoided, and reverse the case because we regard the amount of damages awarded as excessive.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*