Heinrich Ohlwein, Administrator, Defendant in Error, v. W. Irving Osborne et al., Plaintiffs in Error.

## Gen. No. 17,798.

1. CONTRIBUTORY NEGLIGENCE—*instructions.* Where there is serious doubt whether plaintiff's intestate, who was injured when one of defendant's cars collided with his wagon, was not guilty of contributory negligence, and none of the instructions attempt to apply the law to the evidence, it is error to refuse an instruction that if from the evidence the jury believe that ordinary care required deceased to stop and look and listen to ascertain whether a car was approaching the crossing so as to make it unsafe to drive thereon, and deceased failed to do so, and that if he had he would have discovered the approach of said car in time to have avoided the injury, then plaintiff cannot recover.

2. STREET RAILROADS—*instructions.* Where plaintiff's intestate was injured when one of defendant's cars collided with his wagon, and there is serious doubt whether intestate was not guilty of contributory negligence, and none of the instructions attempt to apply the law to the evidence, it is error to refuse an instruction that if the jury believe from the evidence that just before driving on defendant's track deceased heard the crossing bell or saw the reflection of the car headlight, or would have heard such bell or seen said reflection had he been exercising ordinary care, but drove on the track without stopping, then defendant should be found not guilty.

Error to the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed January 14, 1913.

TENNEY, COFFEEN, HARDING & SHERMAN, for plaintiffs in error.

WALTER A. BRENDECKE, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment entered February 25, 1911, in the Superior Court of Cook County, in favor of the defendant in error, Heinrich Ohlwein, administrator, and against the plaintiffs in error, W. Irving Osborne, D. B. Hanna and George G. Moore, as receivers of the Chicago & Milwaukee Electric Railroad Company for the death of Ditmar Ohlwein.

The defendant in error filed a motion in this cause December 10, 1912, to strike the supplemental record theretofore filed by the plaintiffs in error, purporting to amend the original bill of exceptions, from the files, and that the defendant in error have leave to file a supplemental record showing his exceptions to the order amending the original bill of exceptions. Upon consideration, the motion to strike the supplemental record amending the original bill of exceptions from the files is denied, and the defendant in error is given leave to file a supplemental record showing his exceptions to the order.

The declaration contains one count only, and the negligence averred is that the servants of defendants, plaintiffs in error, were operating an electric car across Elm Place and so carelessly, negligently and improperly drove, controlled, operated, managed and ran said car that by reason of such negligence the car struck the milk wagon in which Ditmar Ohlwein was driving with great force and crushed it and injured and killed Ohlwein.

The principal grounds urged for a reversal of the judgment are, first, that the deceased, Ditmar Ohlwein, was guilty of contributory negligence, and, second, that the court erred in refusing instructions offered by defendants, plaintiffs in error.

The evidence shows that the crossing where the ac-

cident occurred was at the intersection of Elm Place in Highland Park and the tracks of the Chicago & Milwaukee Electric Railroad Company. The defendant in error's intestate was driving east; the car was going south. The tracks at this point run north and south. Elm Place runs east and west. Immediately west of the tracks and north of Elm Place is a power house belonging to the North Shore Electric Company about 130 feet long on its east face and forty-six feet wide on its south face. The east face of the power house is a little over eight feet from the west rail of the tracks of the Electric Railroad Company. Immediately west of the power house is the right of way and tracks of the Chicago & Northwestern Railroad. Immediately west of the Northwestern right of way is First Street which runs parallel with the railroad track.

At about 6:16 a. m. on the morning of December 18, 1908, Ohlwein was driving east on Elm Place toward the crossing of the Chicago & Milwaukee Electric Railroad tracks. It was before daylight, cold, very dark and quiet. He was driving an ordinary covered milk wagon with sliding doors on both sides and a window in front. The doors on the sides were closed. The doors had glass in the top half. At this time in the morning there were no lights at the crossing. Ohlwein was driving at a slow walk, and the evidence tends to show that he continued at the same rate toward the tracks and upon them. Just as the wagon got squarely on the tracks, it was struck by a southbound car on the west track of the defendants' railroad. Ohlwein made no attempt to avoid the accident, either by stopping, looking out or hurrying. Up to the time of the collision the lines were hanging loosely out of the front of the wagon and below the shafts of the wagon. At the time of the accident, Ohlwein was about thirty years old, physically sound and healthy, and had good sight and hearing.

The evidence further tends to show that a person

driving a wagon east on Elm Place had an opportunity to see a lighted car approaching from the north when on the road of the Chicago & Milwaukee Electric Railway between First Street and the Northwestern Railroad tracks. It further appears in evidence that there was an automatic safety device, consisting of a red light, suspended over the center of Elm Place and, beside the track at the north side of Elm Place was an electric bell with two gongs about ten and eleven inches in diameter. The light and gongs were operated by electricity, and when a car reached a point about two hundred feet north of Elm Place, by a device called a "cut-in" mechanism, the light was lighted and the gongs started to ring.

The evidence tends to show that the headlight of the car was burning, and that the motorman blew a long blast of his whistle of several seconds' duration and rang his foot-gong when about two hundred or three hundred feet north of the crossing.

The evidence as to the speed of the car was conflicting. Two witnesses for defendant in error gave their opinions that the car was going at the rate of thirty-five miles per hour. The motorman and conductor on the car testified it was going at about twelve miles per hour.

It is unnecessary for us to state further the evidence in view of our decision to reverse the judgment and remand the case solely for errors of the trial court in refusing instructions requested by the plaintiffs in error.

The evidence shows that the right of plaintiff to recover, because of contributory negligence or the failure to exercise due care on the part of the plaintiff, is involved in very serious doubt. For that reason the jury should have been accurately and fully instructed upon the question of contributory negligence. No instructions were requested by the defendant in error. A few instructions were given at the request of plaintiffs in error stating the general rule of law

as to ordinary care applicable to the plaintiff's decedent while approaching the crossing and in crossing the railroad tracks, but none of them attempted to apply the law of the evidence before the jury, or in any way or to any extent covered the grounds of the refused instructions hereinafter set forth.

Plaintiffs in error, defendants below, offered the following instruction upon the question of contributory negligence, which the court refused. The instruction is as follows:

"If the jury believe from the evidence that under all the facts and circumstances surrounding said Ohlwein shown by the evidence when he was driving along the said highway mentioned by the witnesses, approaching in near proximity to the crossing of said highway and said railroad, ordinary care and caution required that he should stop and look and listen to ascertain whether any car was approaching said crossing on said railroad within such distance as to make it dangerous or unsafe to drive upon the said railroad at such crossing, then it was the duty of the said Ditmar Ohlwein to stop, look and listen before driving upon the said railroad at said crossing; and if the jury believe from the evidence that the said Ditmar Ohlwein neglected or failed to do so, and that if he had so stopped, looked and listened, he would have discovered or ascertained the approach of said car in time sufficient to have avoided the injury, then the plaintiff cannot recover in this case."

This instruction was approved by this court in Weber v. Chicago, B. & Q. R. Co., 142 Ill. App. 550. In our opinion it was error to refuse the instruction. Chicago City R. Co. v. O'Donnell, 208 Ill. 267; Fowler v. Chicago & E. I. R. Co., 234 Ill. 619.

The court erroneously refused to give to the jury the following instruction requested by plaintiffs in error:

"The court instructs the jury that if you believe from the evidence that just before driving upon the defendant's track the deceased heard the electric bell at the crossing in question or saw the reflection of the

headlight of defendant's car in the street ahead or would have heard said bell or seen the reflection of said light had he been in the exercise of ordinary care and nevertheless drove on to the track without stopping, then you should find the defendant not guilty."

The evidence tends to show that at the time of the accident the headlight on the car was burning; it was a very dark morning and the reflection from this headlight must have been very conspicuous as the car passed from the curve on the straight stretch of track immediately north of Elm Place and approached the crossing. If the deceased was exercising ordinary care and looking ahead it would seem that he would have observed the reflection of the headlight. At least one or the other of these instructions should have been given.

For errors in refusing these instructions the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*