**Enoch Nelson, Appellant, v. H. N. Seymour, Appellee.**

**Gen. No. 8,119.**

Opinion filed November 21, 1927.
Rehearing denied January 4, 1928.

ROBERT R. RODMAN, for appellant.

ACTON, ACTON & SNYDER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a judgment for $260 rendered in the circuit court of Vermilion county in favor of the appellee H. N. Seymour. This suit was brought by the appellee for medical and hospital expenses, and the expense for nursing incurred as the result of injuries which the infant child of appellee, of the age of seven years, suffered by coming into collision with the automobile of the appellant Enoch Nelson, while she was crossing the street in the village of Riley. The automobile causing the injury was driven by the minor son of appellant, Ronald Nelson. The declaration avers that the appellant, at the time of the injury, permitted his son to take, drive and operate the automobile for his pleasure and convenience along the public highway in question, and that the son negligently and improperly drove the same so as to strike and injure the infant daughter of the appellee. It is argued by the appellant that the verdict of the jury, upon which the judgment is based, is contrary to the evidence. This assignment of error, however, cannot be considered as properly before us for determination, inasmuch as the abstract of the evidence does not show that it contains all the evidence adduced at the trial.

It is also contended that the court erred in the giving of the following instruction:

"The court instructs you that it is provided by statute in the State of Illinois, that no person shall

operate or drive a motor vehicle who is under fifteen years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated.

"And you are further instructed that if you believe from the preponderance of the evidence that the defendant Enoch Nelson was the owner of a certain automobile, and that he knowingly permitted his son Ronald Nelson to take, drive and operate said automobile on the public highway, and if you further believe from the preponderance of the evidence, that the said Ronald Nelson was then and there under age of fifteen years, then as a matter of law, under such state of the proof, if such is the proof, the driving of the automobile by Ronald Nelson in violation of the statute would be negligence per se, and would make the defendant liable for any damage that was proximately caused by the driving of said automobile by said Ronald Nelson on the public highway to any other person using ordinary care and caution for their own safety."

The criticism made of this instruction is that the negligence of the appellant charged, namely, in permitting his minor son, who was under the age of 15 years, to drive and operate an automobile upon the public highway, does not contain the legal requirement that the negligence was the proximate cause of the injury to the child of appellee. It will be noticed, however, that the instruction expressly limits the liability for damages, and the right to recover damages, to such damages which were proximately caused by the negligence defined in the instruction. We conclude, therefore, that this assignment of error is not well taken.

Error is also assigned on the refusal to give the following instruction requested by the appellant, namely:

"The court instructs the jury that if you believe from the evidence that ordinary care on the part of Hazel E. Seymour for her own safety required her

before stepping upon or crossing the public highway where she was injured, at the time and place in question and under all the circumstances in evidence, to look for the purpose of ascertaining whether automobiles were approaching along said highway and not to advance upon said highway without so looking; and if the jury believe, from the evidence that said Hazel Seymour, if she had looked, could by the exercise of ordinary care have ascertained the approach of the defendant's automobile along said highway in time to have avoided injury; and if the jury believe, from the evidence, that the said Hazel did not so look to ascertain the approach of the defendant's automobile and that she was struck and injured in consequence and because of such failure, if she did so fail to look and ascertain, in such case the Court instructs the jury to find the defendant not guilty.''

The appellant argues that ''the law as stated by the above instruction should have been submitted to the jury, notwithstanding the fact that the court gave other instructions of a general character stating the duty of appellee's child to exercise ordinary care for her personal safety.'' We cannot agree with this contention of the appellant concerning the refusal of the instruction, but are of opinion that the instruction was properly refused because it did not call the attention of the jury to the law that in determining the question of the care which an infant of the age of seven years is required to exercise should be such care and caution which an ordinarily prudent child of that age, capacity and intelligence, would exercise under like circumstances and surroundings. *Fowler v. Chicago & E. I. R. R. Co.,* 234 Ill. 619. And other instructions, which were modified by the court, presented this element for the consideration of the jury. The instruction was properly refused for the reasons stated. The record does not disclose any reversible error. and the judgment is affirmed.

*Judgment affirmed.*