**Chicago & West Suburban Express Company, Appellee, v. City of Berwyn, Appellant.**

### Gen. No. 17,438.

1. MUNICIPAL CORPORATIONS—*liability for injuries from defects in streets.* A municipal corporation may be liable for personal inju-ries caused by a defect in a street, though the defect was not open and notorious, if it was the natural and ordinary result of use or climatic influences and such corporation failed to make sufficiently frequent examinations.

2. MUNICIPAL CORPORATIONS—*when question of anticipation of danger for jury.* Whether a municipal corporation should have an-ticipated the accident is for the jury, where the evidence shows that a rusty and worn wire, unused and not examined for six years, which crossed a street over live trolley wires, broke during a wind and fell across such trolley wires and against plaintiff's mule, injuring him.

Appeal from the Superior Court of Cook county; the HON. THOMAS C. CLARK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912.

544     Appellate Courts of Illinois.

Chicago & W. S. Exp. Co. v. City of Berwyn, 174 Ill. App. 543.

Arthur R. Wolfe, for appellant.

Brady, Barnum & Rutledge, for appellee.

Mr. Presiding Justice Gridley delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court of Cook County for $200, entered December 31, 1910, against City of Berwyn, appellant and hereinafter called defendant, in favor of Chicago & West Suburban Express Company, a corporation, appellee and hereinafter called plaintiff. The action was for damages for injuries to a mule and was originally brought against defendant and the Town of Cicero, but during the trial, on motion of plaintiff, the Town of Cicero was dismissed out of the case. At the conclusion of plaintiff's evidence, counsel for defendant moved the court to instruct the jury to find the defendant not guilty, which motion was denied, whereupon, the defendant electing not to submit any evidence in its behalf, the jury returned a verdict finding the defendant guilty and assessing plaintiff's damages at the sum of $200, upon which verdict the judgment appealed from was entered.

The facts are, substantially, that on April 15, 1908, a servant of plaintiff was seated on a wagon driving plaintiff's mule on Ridgeland avenue, near where it intersects Thirty-first street, in the City of Berwyn, Cook County, Illinois, when a wire attached to a pole at the corner of the intersection of said streets broke and fell over the live electric wires of a street car company which were strung along said Ridgeland avenue; that the wire hit the mule ''back of the ear along the side and a little on the belly and the mule fell down;'' that one ear of the mule was almost severed and hung by a fragment; that because of the injuries sustained by the mule it had to be subsequently killed; that it had been driven by said servant of plaintiff every other day for about three years prior to the accident over the same route, and was of a value of from $200 to $250; that the wire ''must have broke'' just as said wagon got under it and when it struck the

mule "flashes of electricity" were seen "coming out;" that it was a windy day and that the wind "knocked" the wire down; that the pole to which the wire had been attached was within the corporate limits of the City of Berwyn; that the wire had formerly been used for fire alarm purposes, viz.:—when a fire occurred in the Town of Cicero, which used water supplied by the water works of the defendant, a call was sent over the wire to put on more pressure; that about six years prior to the accident, the Town of Cicero got its own pumping station and such use of the wire was then discontinued and thereafter the wire was not used for any purpose; that the wire had been put up about ten years prior to the accident, and for about six years prior to the accident had not been inspected by the city engineer or other proper officials of defendant, or any attention paid to it, and that after the wire broke and fell down, it was found upon examination to be of a "rusty color" and "old and worn."

The main contention of counsel for defendant is that there is no evidence in the record showing any actual or constructive notice to the defendant of the defective or dangerous condition of the wire which broke and fell upon the live wires of the street car company. Counsel concedes it to be the law that it is the duty of a municipal corporation to keep its streets in a reasonably safe condition so that people and teams may pass along the same without being exposed to dangers from obstructions, either on the surface of the street or overhead, and argues that before such a corporation can be held liable it must appear that the corporation had actual notice of the dangerous obstruction or of its existence for such a length of time that notice may be inferred, that in this case a sudden wind caused the wire to break and fall, that defendant was under no obligation to inspect or examine the condition of the wire previous to the accident, and that, therefore, prior to the *moment* of the accident the defendant had neither actual nor constructive notice of

its dangerous condition. We are of the opinion that under the evidence in this case it was for the jury to say whether or not the defendant knew or should have known of the dangerous condition of the wire. City of Decatur v. Hamilton, 89 Ill. App. 561, 568. The duty of a municipal corporation to use ordinary care in keeping its streets in a safe condition for public travel sometimes involves the anticipation of defects or dangers that are the natural or ordinary result of use or climatic influences, and a failure on the part of the proper officials of such corporation to make sufficiently frequent examinations may render that corporation liable, although the defect or danger may not be open and notorious. City of La Salle v. Porterfield, 138 Ill. 114, 119. In this case the evidence discloses that the wire crossed one of the streets of the defendant at the intersection of another street and over the wires of a street car company which wires were sufficiently charged with electricity to run the cars of that company, that the wire had been strung for about ten years, and that for about six years prior to the accident it had been out of use and had not been examined during that period or any attention given it by the proper officials of defendant. We think it was for the jury to say whether the defendant should not have anticipated that, because of lapse of time and the action of the elements, the wire would become "old and worn" and "rusty" and liable at sometime by the force of the wind to break and fall upon the live wires of the street car company, thereby endangering passers by, and we cannot say that the verdict is manifestly against the weight of the evidence.

The other contentions advanced by counsel,—that it was not sufficiently proved that the mule was owned by plaintiff, or that defendant either owned or controlled the wire and poles to which it was attached—we deem —to be without merit. The judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*