(No. 13435.—Judgment affirmed.)

GORDON A. RAMSAY, Admr. Defendant in Error, *vs.* THE TUTHILL BUILDING MATERIAL COMPANY, Plaintiff in Error.

*Opinion filed December 21, 1920.*

1. NEGLIGENCE—*when declaration need not in express terms allege a duty by defendant.* In an action for damages for negligence it is not necessary that the declaration shall allege in express terms that it was the duty of the defendant to do or not to do a particular thing where facts are alleged in the declaration from which such duty appears.

2. SAME—*exception to rule that premises need not be kept safe as against trespassers.* As a general rule, the owner of premises is not required to keep them in a safe condition for persons who come upon them without invitation, express or implied, and merely for their own pleasure or out of curiosity, but an exception to this rule exists in favor of children.

3. SAME—*when visibility of dangerous structure from the street is not essential to liability.* If the owner of premises on which a dangerous and attractive structure is maintained knows that children come upon the premises and play around the structure, it is not essential to his liability for an injury to a child so playing that the structure be visible from the street.

4. SAME—*what constitutes a dangerous and attractive condition.* Elevated bins containing sand and having openings in the bottom through which the sand runs when wagons are being loaded constitute a dangerous and attractive condition to children permitted to play about the premises, climb upon the bins by means of the ladder attached to the structure and slide down the sand through the openings. (*McDermott* v. *Burke*, 256 Ill. 401, distinguished.)

5. SAME—*general rule as to duty to protect children from danger.* If one engaged in any operation dangerous to those coming

in contact with it permits children who are incapable of appreciating the danger to come upon the premises and expose themselves to danger, he must take such means to prevent injury to them as will be effective or exclude them from the premises.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding.

JOHN S. HUEY, and BUSBY, WEBER, MILLER & DONOVAN, (ALBERT G. MILLER, of counsel,) for plaintiff in error.

WALTER F. COOLING, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

William Walter Woods was killed on March 29, 1917, and Gordon A. Ramsay, as administrator of his estate, recovered a judgment against the Tuthill Building Material Company in the superior court of Cook county for $2500 damages occasioned by his death. The judgment was affirmed by the Appellate Court, and a writ of *certiorari* was allowed to review the record.

On the trial the defendant made a motion at the close of the evidence to instruct the jury to find the defendant not guilty, which the court denied, and it is insisted that it erred in doing so; and it is also contended that the declaration was not sufficient in law to sustain the judgment.

The evidence introduced tended to show that the defendant maintained on its premises an elevated switch-track, beneath which three bins were constructed in the trestle-work for the purpose of holding sand, which was dumped into them from cars on a track immediately over them. The top of the bins was from twenty to twenty-five feet above the ground and the bottom about eight feet. In the bottom of the bins were chutes by which the contents of the bins could be made to flow in various directions, which

were closed by doors operated by a lever, and these chutes were used for emptying the sand into wagons beneath the bins. A ladder was placed at the end of the elevated structure, reaching from the ground to the top of the structure. On the day of the accident the deceased, who was ten years old, with his younger brother and another boy, climbed the ladder to the top of the structure and walked along the top about fifty feet. The bin there was nearly full of sand and the slide at the bottom was open, leaving an opening clear through to the ground. The deceased jumped into the bin to see if he would go through the opening and slid down through the opening, followed by a quantity of sand, which covered him and he was smothered and died. The premises were accessible from the street and the children of the neighborhood were in the habit of going upon the premises, playing in the sand which they found underneath the structure, climbing the ladder, playing in the sand in the bins, and sliding down in the bins through the openings, which were about eighteen inches square.

It is contended on the part of the plaintiff in error that the deceased was a trespasser on its premises, was not there by its invitation, express or implied, and that he was not attracted to the premises by any condition which was visible from the street.

The cause was tried on a single count, which alleged that the defendant was in possession of certain premises adjoining two public highways in Cook county; that the premises were unenclosed and readily accessible from the highways; that the defendant was in possession and control of a certain elevated structure on said premises which contained various bins into which sand was unloaded from cars on a railroad on said structure; that in said bins were openings through which sand could pass to the ground, which were not securely fastened; that the defendant maintained a ladder by which children of tender years could ascend from the ground to said structure and from thence

get into said bins containing sand; that said structure, ladder, railroad and sand-pile were plainly visible from said highways and were so located and maintained as to be attractive to children of tender years; that the sand was liable to run in various directions and to escape through chutes, traps or openings; that for a long time children of tender years had been in the habit of resorting to said premises and playing under, upon and around said sand, attracted and invited thereto by childish curiosity and instinct; that the defendant well knew all of the aforesaid facts, or would have known them by the exercise of ordinary care, and nevertheless negligently suffered the same to be and remain; that William Walter Woods was an infant ten years of age, and was then and there, and throughout the occurrences narrated, in the exercise of ordinary care and caution for his own safety for a child of his age, experience and capacity, and that his parents, who were the only persons charged with his care, custody and control, were at all times in the exercise of ordinary care for his safety; that he was then and there, at the invitation of defendant, playing upon, around and under said structure and in and around said sand, attracted and invited thereto as aforesaid, and that by reason of the premises and said defendant's negligence he was then and there smothered in said sand, by reason whereof he then and there died.

The contention of the plaintiff in error is that this declaration does not state a cause of action; that it alleges no duty or obligation on the part of the plaintiff in error which it failed to perform, did not allege that any of the structures, devices, equipment or materials composing its plant or located thereon were in any way harmful or dangerous or were not properly constructed or operated to answer the purpose for which they were maintained.

It is not necessary that the declaration should allege in terms that it was the duty of the defendant to do or not to do a particular thing where facts are alleged from which

that duty appears. It was not negligence to maintain the sand-pile on the ground or the sand-bins or the ladder. Whether it was negligence to have openings in the bins through which- the sand could pass to the ground, which were not securely fastened, when the defendant knew that children of tender years were in the habit of resorting to the premises and playing under, upon and around the structure and in the sand, was a question of fact to be determined from the evidence. The declaration states that by reason of the premises,—that is, of the conditions which have been alleged and the negligence of the defendant,— the deceased was smothered in the sand; and while the allegation is not specific as to the particular manner in which the accident occurred, it states conditions which the defendant permitted to exist which were likely to result in the accident which occurred and which did actually cause the death of the deceased. The object of the declaration was to state the facts upon which the plaintiff relied for recovery and to inform the defendant of the facts which it would be required to meet, and the declaration sufficiently stated such facts.

The law does not require the owner of premises to keep them in a safe condition for persons who come upon them without invitation, either express or implied, and merely for their own pleasure or to gratify their curiosity. "An exception, however, to this general rule exists in favor of children. Although a child of tender years who meets with an injury upon the premises of a private owner may be a technical trespasser, yet the owner may be liable if the things causing the injury have been left exposed and unguarded and are of such a character as to be an attraction to the child, appealing to his childish curiosity and instincts. Unguarded premises which are thus supplied with dangerous attractions are regarded as holding out implied invitations to such children. 'The owner of land where children are allowed or accustomed to play, particularly if it is un-

fenced, must use ordinary care to keep it in safe condition, for they, being without judgment and likely to be drawn by childish curiosity into places of danger, are not to be classed with trespassers, idlers and mere licensees.' " *City of Pekin* v. *McMahon,* 154 Ill. 141.

While it may be said that neither the sand upon the ground, the ladder, the structure, nor the sand in the bin, were themselves dangerous and the combination of all or any of them was not dangerous, this is only true so long as the sand was inert. But the bin full of sand, with the opening in the bottom, was itself dangerous to any person who would get into the bin. It was especially attractive to children because of the motion of the sand itself and the apparent ease of sliding down through the hole to the ground. The danger would not be apparent to a child, and the conditions constituted an attractive and dangerous combination for children.

It is not necessary, to make a defendant liable, that the attractive and dangerous thing should be visible from the street and that children should have been attracted to the premises by it. If an owner maintains dangerous conditions upon his premises to which he permits children to come he must use ordinary care to guard them against danger which their youth and ignorance prevent them from appreciating. There is no implied invitation from the mere existence of a dangerous attraction which is not discoverable off the premises, but if to the knowledge of the owner children habitually come upon his premises where a dangerous condition exists to which they are exposed, the duty to exercise care for their safety arises, not because of an implied invitation but because of his knowledge of unconscious exposure to danger which the children do not realize. The situation is different from that in the case of *McDermott* v. *Burke,* 256 Ill. 401, which the plaintiff in error has cited and relies upon. In that case the attractive thing was a pile of sand in the middle of the lower floor of a building

which was in process of construction. The sand itself was not dangerous and had nothing to do with the injury which gave rise to the cause of action in that case. The injury was occasioned by a rope running over a sheave used in hoisting material at some distance from the sand. The rope and sheave were not attractive and the injured child was not playing with them but had merely rested his hand upon the rope and was injured when the machinery was started. It did not appear that the defendant, who was the contractor engaged in constructing the building, knew that the children were there or that they had been in the habit of coming there and playing in the sand. In this case it appears that for some time children had been in the habit of coming on the premises of plaintiff in error, playing in the sand on the ground, going up the ladder to the top of the elevated structure, jumping into the sand-bins, playing in the sand there, and going down through the openings in the chutes. This was known to the employees of plaintiff in error, who testified that they frequently told the children to stay away, but no effective means were taken to prevent their coming there; so that here the defendant, by taking no effectual means to prevent it, permitted little children, too young to have judgment and exercise care to protect themselves from danger, to play constantly about its premises where it knew that they were habitually exposed to danger which they did not realize and which was likely to result in serious injury or death to some of them, and which actually has resulted so. Under such circumstances the owner of property is responsible for the injury which has occurred by reason of its negligence in failing to use adequate means to keep children away from the danger which it has created.

In *Tucker* v. *Draper*, 62 Neb. 66, it was said: "If adults, or children of such age as to ordinarily be capable of discerning and avoiding danger, are injured while trespassing upon the premises of another they may be without

remedy, while under similar circumstances children of three or four years of age would be protected. If I know that there is an open well upon my premises and know that children of such tender years as to have no notion of their danger are continually playing around it, and I can obviate the danger with very little trouble to myself and without injuring the premises or interfering with my own free use thereof, I owe an active duty to those children, and if I neglect that duty and they fall into the well and are killed it is through my negligence. I cannot urge their negligence as a defense even though I have never invited or encouraged them, expressly or impliedly, to go upon the premises."

In *Bjork* v. *Tacoma*, 76 Wash. 225, the court, in applying the doctrine of the turn-table cases, says: "The turn-table and machinery cases, however, are in no just sense *sui generis*. They rest, as it seems to us, upon the one broad principle common to all cases of injury from dangerous premises and all cases of so-called 'attractive nuisances,'—that there is always a duty due to society upon the owner of premises to take reasonable care to so use his own as not to injure another, a failure to observe which is negligence."

If a person engaged in any operation which is dangerous to others who come in contact with it, permits children who are incapable of appreciating the danger to come upon his premises where they are exposed to danger, there is certainly an obligation in humanity to take such means to prevent the injury, either by excluding them from his premises or protecting them while they are on his premises, as will be effective, and this obligation imposes upon him the legal duty to do those things. It was not error to refuse the instruction to find a verdict for the defendant.

The judgment will be affirmed.   *Judgment affirmed.*