Harry Fleming, a Minor, by Clarence Fleming, His Father and Next Friend, Appellee, v. City of Chicago, Appellant.

Gen. No. 34,156.

Heard in the third division of this court for the first district at the February term, 1930. Opinion filed March 11, 1931.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM D. SALTIEL, City Attorney, for appellant; SAMUEL L. GOLAN, KATHRYN M. BARASA, Assistant City Attorneys, and ROY S. GASKILL, Assistant Corporation Counsel, of counsel.

MURPHY O. TATE, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an action of trespass on the case, brought by Harry Fleming, a minor, by Clarence Fleming, his father and next friend, plaintiff, against the City of Chicago, defendant, to recover damages for personal injuries.

The declaration contains one count to which the defendant pleaded the general issue, and the case was tried before the court and a jury, and resulted in a verdict for the plaintiff in the sum of $5,000; and the court, after overruling motions of the defendant for a new trial and in arrest of judgment, entered a judgment on said verdict, from which the defendant prosecutes this appeal.

The declaration alleges, in substance, that on February 9, 1928, the defendant had possession, control and management of a certain public alley in the rear of the premises known as No. 657 West 63rd Street in Chicago; that prior to said date, a certain truck chassis was placed and left standing in said alley by parties unknown to plaintiff; that said truck chassis was possessed of hard rubber tired wheels, was movable and was calculated to attract the attention and curiosity of children of tender years; that said truck chassis was so located in said alley as to attract children from the premises adjacent to said alley, all of which the defendant knew or should have known; that defendant had sufficient and ample time and reasonable opportunity, in the exercise of due care and caution, to be-

come acquainted with and have knowledge of the existence of the attractive nuisance; that it was the duty of the defendant to remove and abate said nuisance, and to cause said truck chassis to be removed from said public alley, but that the defendant failed and neglected to have said truck chassis removed, and in consequence of the negligence of the defendant, the plaintiff, a minor of tender years, to wit, seven years of age, together with other boys of tender years, moved said truck chassis upon and into said alley and into and upon 64th Street, a public highway, and that said truck chassis was caused to and did move and descend down an incline along and upon said 64th Street, west of its intersection with said alley, while the plaintiff minor was riding thereon in the exercise of care and caution for one of his years, age and experience, and that the plaintiff was caused to and did fall from said truck chassis under the wheels of the same, and, as a consequence, was injured.

Then follows an enumeration of the injuries alleged to have been suffered and the statutory notice alleged to have been served on the defendant on July 24, 1928. The *ad damnum* is laid in the sum of $25,000.

Upon the trial of this case it was agreed by counsel that the truck chassis in question was 10 or 12 feet long; that it was a truck body with four wheels, without a steering wheel, steered by a wire attached to the front wheels.

The record shows that the said truck chassis prior to the date of the accident in question was in an alleyway, which runs east and west between 63rd Place and 64th Street, between Lowe Avenue on the east and Union Avenue on the west. The witnesses differ as to the length of time this truck chassis was in the alleyway or on the public highway prior to February 9, 1928.

It further appears that on the afternoon of February 9, 1928, Harry Fleming, just turned seven years of age, in company with certain other boys, was play-

ing with the truck in question at the time of the accident, and that the injured boy testified that the boys were riding on the car, and, thinking that they were having a joyful time, he got on the truck and started riding; that there was a man around there and he pushed them up the hill on 64th Street, and then the truck chassis was run down under the bridge and the witness fell off and got hurt; that the witness did not know who this man was; that his name was Jack, an insane fellow; that when he fell off the truck his leg got caught in the spokes as it turned around, and was fractured above the knee.

There is evidence of witnesses who testified that they told the plaintiff to keep off the truck chassis. It further appears from the record that Dr. A. R. McCrady, a witness for the plaintiff, attended the injured boy on February 9, 1928, shortly after the accident, and testified that one end of the bone protruded through the muscles of the thigh and caused a large tear in the muscles of the skin; that the wound seemed to be ground as though it had been crushed; that he made a diagnosis of a fracture of the right femur, the large bone in the thigh about its middle third; that it was what is called a compound comminuted fracture; that the patient remained in the hospital about two months; that after that, the doctor took care of him at home; that he called at different times over a period of a year, and later removed the boy to the hospital, opened up the wound and removed a piece of the bone and cut off some of the fragments that were in the wound, and that the last examination revealed a shortening of the leg about two inches, and that there is angulation in the thigh bone; that there is a scar in the thigh caused by the drainage and by the different operations; that the child walks with a limp and is permanently crippled.

The defendant urges that the declaration in this case fails to state a cause of action, and that it fails to allege the age, capacity, intelligence and experience of the plaintiff minor, and that proofs without allegations are of no more effect than allegations without proofs; that the declaration in this case does allege that the plaintiff minor was "in the exercise of care and caution for one of his years, age and experience, and that, while so riding, plaintiff minor was caused to and did fall from said truck chassis, in consequence of which he sustained injuries."

The rule by which pleadings before judgment are construed against the pleader after judgment, is reversed and the pleading upon which the judgment is based is liberally construed for the purpose of sustaining the judgment. If the declaration states a cause of action, however defectively or imperfectly, and the issue joined requires proof of the facts defectively stated, it is sufficient, and although the declaration is demurrable it will be sufficient to sustain the judgment after a verdict. *Smith v. Rutledge,* 332 Ill. 150; *Roumbos v. City of Chicago,* 332 Ill. 70. The only plea filed at any time by the defendant is the general issue, and it is now too late to urge that which might have been cured by proper amendments. Parties cannot speculate upon the result of a trial and raise the question of the sufficiency of the allegations for the first time after the judgment. The defendant is precluded from making the objection at this time. *Devine v. Chicago City Ry. Co.,* 167 Ill. App. 361. We are unable to agree with the contention of the defendant that the declaration does not state a cause of action, and we believe it is sufficient to sustain the judgment after the verdict.

The defendant contends that the court erred in giving an instruction to the jury advising them what the plaintiff charged in certain averments of his declara-

tion. This instruction standing alone does not guide the jury so that they can determine the issues between the parties, but upon consideration of all the instructions in the record, it appears that the jury was correctly instructed upon the law, and this court will not reverse the judgment for the reason that all of the law applicable is not contained in one instruction, if from all of the instructions the jury was correctly instructed by the trial court. We find in the record that the jury was informed, "If the plaintiff has established his case as charged in the declaration by a preponderance or greater weight of the evidence he is entitled to recover," and so the jury was informed what the declaration charged and what the plaintiff must show from the evidence in order to establish his case.

The pleadings in the case are not to be taken by the jury upon their retirement, and the only way, and a proper one, is for the court to direct the attention of the jury to the issues by a written instruction to that effect, and the proof necessary, and the weight of the evidence, before the plaintiff can recover.

The court refused defendant's instruction:

"You are instructed that neither by these instructions nor by any statements or remarks made by the court throughout the proceedings, did the court mean to intimate any opinion as to what the facts are, or what are not the facts in this case, and you would be wholly unjustified to conclude that the court has any opinion of any of the facts in this case, or what your verdict should be, but it is solely and exclusively for the jury to find from the evidence what the facts are, and what are not the facts in this case, and the jury should return a verdict based upon the evidence as introduced in this case, after applying the law as given you by these instructions"; and the defendant suggests that this instruction is covered in part only by plaintiff's given instruction, but there is no instruc-

tion in the record wherein the jury were told that they were the sole and exclusive judges of the facts, and that failure to so instruct was error. When the trial court instructs the jury that the plaintiff is required to prove his case by a preponderance or greater weight of the evidence, as it did, it impresses upon the jury that facts are to be considered by them in determining the preponderance and the weight of the evidence. How is it possible for the jury to weigh the evidence unless they pass upon the facts? This being the only criticism made by the defendant, this court is not able to find from the record that failure to give this instruction was erroneous.

The point is made by the defendant that the judgment is against the manifest weight of the evidence, but it is admitted that the undisputed evidence in the record shows that the truck chassis in question was prior to February 9, 1928 in the alley and upon the public highway; that one of the boys riding on the truck chassis at the time of the accident saw this truck in the alley the day before, but that he heard of it about two weeks before, and that the boy who was steering the truck first saw it three or four days prior to the accident. Further, the parents of the injured boy and a neighbor all testified that the truck was in the alley or highway three or four months before the accident; that one witness, Clarence Fleming, testified that he notified the police by telephone of the presence of the truck chassis upon the public highway about a month before the accident.

The defendant in this case is not an insurer against accident, but is only required to exercise ordinary care to keep its streets and alleys in a reasonably safe condition for the use of persons using them, who are themselves in the exercise of ordinary care for their own safety. The evidence indicates that for a period of time the abandoned chassis was upon the highway.

Not only that, but the evidence tends to show that the agents of the defendant were notified, and that on February first of the same year, two Chicago policemen examined it. The city had not only constructive but actual notice of this abandoned truck chassis. The question therefore is, Was this instrumentality such an attractive nuisance on the public highway as to attract children, and dangerous to the safety of the child riding on it? It must be admitted that children of tender years playing upon a public street, as they lawfully may play, would be more likely to be attracted by an abandoned truck chassis upon a public highway than if it had been located upon private property. *Flis v. City of Chicago,* 247 Ill. App. 128. It is the duty of the municipality to abate such a nuisance after it has notice, and failure to do so would make it liable for such negligence where a child was allured and attracted, and who from childish instinct was drawn into danger and injured through no fault of its own, and where the child was exercising that degree of care and caution required by law.

In the case of *Holmberg v. City of Chicago,* 244 Ill. App. 505 (writ of certiorari denied by the Supreme Court), the court says:

"Many physical conditions on a highway might exist which would be attractive and dangerous to children, and a ground for liability in case of injury, which would be looked upon as entirely innocuous if on private property. If, for example, the City, or anyone, created in a public highway a pond or well of water, deep enough to drown a child who could not swim, there would be no reasonable question or claim that it was not dangerous and a menace to life. The fact, therefore, that this sand pile in which the boy was suffocated was in a public highway becomes important in determining whether or not the evidence justified submitting the case to the jury, and distin-

guishes the instant case from all the cases cited where the *locus in quo* was on private property.''

The defendant relies largely upon the decision of the Supreme Court in the case of *Burns v. City of Chicago,* 338 Ill. 89. After examining the opinion, we are impressed by the fact that the attractiveness or allurement of the agency is important in determining the liability. The facts in each case must be considered to determine that responsibility, and this is clearly stated in these words:

''The emphasis placed in these two decisions upon the element of 'attractiveness' or 'allurement' follows a consistent indication, running through all the cases in which this general question has been before this court, that the 'attractiveness' or 'allurement' of the dangerous agency, or of other agencies in intimate juxtaposition to such dangerous agency, is of paramount importance in determining liability.''

It is clear from the facts in the *Burns v. City of Chicago* case, *supra,* that the plaintiff's minor was not lured by the agency that caused the injury, but came to his death by accepting a dare.

''. . . If the pole in the present case could be said, as an abstract proposition, to have held out the necessary degree of allurement to boys of tender years, it might not be a conclusive answer to plaintiff's contentions to say that plaintiff's intestate did not come to his death by yielding to that allurement but rather because he accepted a dare to do something regarded as at least being out of the ordinary and which the boys presumably recognized as involving an element of risk.''

The defendant makes the further point that if the negligent act does nothing more than furnish a condition by which an injury is made possible and such condition, by the subsequent act of ,a third person, causes an injury, the two acts are not concurrent and

the existence of the condition is not the proximate cause of the injury. Citing cases.

The accident to the boy in the instant case, and consequent injury, would not have happened but for the failure of the defendant to abate this nuisance, which was the result of carelessness on the part of the city. The city must be held liable, provided of course plaintiff minor was in the exercise of ordinary care for his own safety, such as is required by law. In the case of the *City of Joliet v. Shufeldt*, 144 Ill. 403, the Supreme. Court passed upon the question of the efficient and proximate cause, which opinion is approved and has been followed by the courts of this State, and from which we quote as follows:

"It is only required to use reasonable diligence and care, in making its streets safe for the public use, in view of those accidents, which may, in the exercise of common prudence, be anticipated and guarded against. The general doctrine is, that it is no defense, in actions for injuries resulting from negligence, that the negligence of third persons, or an inevitable accident, or that an inanimate thing contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause, without which the injury would not have occurred. *W. St. L. P. Ry. Co. v. Shacklet, Admx.*, 105 Ill. 364; *Transit Company v. Shacklet*, 119 id. 232; *Consolidated Ice Mach. Co. v. Keifer*, 134 id. 481; *Pullman Palace Car Co. v. Laack*, 143 id. 242; *Peoria v. Simpson*, 110 id. 301; see 16 Am. & Eng. Enc. of L. 440–3 and notes; 2 Thomp. Neg. 1085."

We believe from the facts in this record that the trial court was justified in submitting the facts to the jury for determination, and no better reason can be given than that stated in the opinion of the Appellate Court in the case of *Flis v. City of Chicago*, 247 Ill. App. 128, page 133:

"Unless the facts in the present case are such that all reasonable minds would draw therefrom no other inference than that the tar kettle and the manner in which it was used did not constitute an attractive nuisance, the question became one of fact for the jury to determine. (*City of Pekin v. McMahon*, 154 Ill. 141, 147–152; *True & True Co. v. Woda*, 201 Ill. 315, 318; *Stollery v. Cicero & P. St. Ry. Co.*, 243 Ill. 290, 292; *Stedwell v. City of Chicago, supra; Anderson v. Karstens*, 218 Ill. App. 285, 292; *Holmberg v. City of Chicago, supra.*) The jury found that the kettle, under the circumstances of this case, was an attractive nuisance, and we are satisfied that we would not be justified in overriding that verdict. In our judgment, common experience and common sense justify the finding of the jury. In *Holmberg v. City of Chicago, supra* (certiorari denied by the Supreme Court), the plaintiff's intestate, an 11-year-old boy, was smothered in a sand pile into which he had dug and which the city had allowed the defendant contractor to pile some eight feet high in a public street. The court held that the question as to whether the sand pile constituted an attractive nuisance was a question of fact for the jury to determine and that the court was not justified in setting aside the finding of the jury that it was an attractive nuisance. In our opinion, the facts before us make out a stronger case of an attractive nuisance."

Under the facts and the law in this case, the conclusion reached by this court is, that there is no such error as would justify a reversal. Accordingly, the judgment is affirmed.

*Affirmed.*

WILSON, P. J., and FRIEND, J., concur.