Joseph Allen Featherstone, a Minor, by Joseph Harold Featherstone, Father and Next Friend, Appellee, v. Arvid W. Freeding et el., Defendants Below.

On Appeal of Arvid W. Freeding, Appellant.

Gen. No. 45,805.

Opinion filed February 4, 1953. Released for publication February 26, 1953.

CROWE & ABRAHAMSON, of Chicago, for appellant; BURT A. CROWE, of Chicago, of counsel.

JAMES A. DOOLEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant Arvid W. Freeding, appeals from a judgment in the sum of $22,000 entered on the verdict of a jury in favor of plaintiff, an eight-year-old boy, who was severely burned in an accident. Defendant's motions for a directed verdict and judgment notwithstanding the verdict were denied.

Defendant was engaged in the business of hauling ashes, rubbish and garbage from apartment buildings. In June 1948 he purchased a vacant lot located at 5354 North Damen Avenue, a north and south street in the City of Chicago, County of Cook, Illinois. This lot, located on the west side of Damen Avenue, is 37½ feet wide and 125 feet long. The front of the lot facing Damen Avenue was open. Across the rear there was a high wire fence and along the north and south side boundaries of the lot there were brick buildings.

Defendant parked an old disused Hendrickson truck at the northwest corner of the lot near the brick wall of the gas station adjacent to defendant's premises on the north. Standing near the disused truck were several oil drums which served defendant as garbage containers. In his business defendant operated three Hendrickson trucks. Because of the difficulty in getting parts for these trucks when they were in disrepair, defendant occasionally took parts from the old disused truck. At the time of the occurrence the old truck had been partially dismantled. The body, motor-head and other parts had been taken off. The cab of the truck was intact except that the seat had been removed, exposing the gasoline tank which was directly under the seat. The opening at the top of the gasoline tank was three or four inches in diameter. The cap had been removed sometime prior to the accident and a rag was stuffed into the opening. Defendant testified that when the dismantled truck was parked on defendant's lot his son, William Freeding, had stated to defendant that "he had let the gas out."

About eleven o'clock on Sunday morning August 21, 1949, plaintiff Joseph Allen Featherstone, aged eight, accompanied by one of his playmates Gary Long, aged seven, rode a bicycle to the gas station adjoining defendant's lot, where they intended to get some air to inflate the bicycle tires. Upon reaching the gas station they found it was closed and that the air pumps were not functioning. Thereupon plaintiff and his companion left the gas station and proceeded to defendant's lot where they played at "driving" in and on the dismantled truck. After doing this for a short period plaintiff and Long returned to the gas station where another truck was parked. Through the open door of the cab of this truck plaintiff saw a packet of matches lying on the seat. He climbed into the cab,

took the matches and returned to the cab of the dismantled truck where he removed the rag covering the opening of the gasoline tank. Then he inserted a stick into the tank and upon withdrawing it observed that there was moisture on the end of the stick. According to plaintiff's testimony he thought there was water in the gasoline tank because the gas tanks he had seen theretofore were on the back end of automobiles. In order to see what was in the gasoline tank plaintiff ignited a match which he held at the opening of the gasoline tank. When the burning match fell into the gasoline tank an explosion occurred, causing severe burns about the head, neck, shoulder and right hand of the plaintiff. The defendant does not challenge the amount of the damages.

There is some conflict in the evidence as to how long the truck was on the defendant's lot before the accident occurred. Defendant admitted that he towed the truck to the lot in October or November 1948. The evidence also tends to show that plaintiff and other children residing in the neighborhood frequently played in and upon the dismantled truck for many months before the occurrence.

Defendant's main contentions are that plaintiff was a trespasser, that the evidence is not sufficient to establish that defendant's dismantled truck was an attractive nuisance, and that plaintiff was guilty of contributory negligence as a matter of law.

■ Our Supreme Court has repeatedly held that where dangerous attractions exist on unguarded premises the occupier of land is required to use ordinary care to protect children coming upon the premises.

■ In the recent case of *Wagner v. Kepler,* 411 Ill. 368, the court (p. 372) said:

"While it is generally true, as defendant contends, that infants have no greater rights to go upon the land of others than adults and their mere minority imposes

362

no duty upon landowners to expect them or prepare for their safety, recognized exceptions exist where the landowner maintains an attractive nuisance upon the premises, or, even in the absence of a dangerous attraction, where the owner knows that small children customarily play on the property. In the latter situation, where an owner knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of discovering the danger or appreciating the risk involved, and where the expense or inconvenience to the owner in remedying the condition is slight compared to the risk to the children, the duty devolves upon the owner to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. *Ramsay v. Tuthill Bldg. Material Co.,* 295 Ill. 395; *Gritton v. Illinois Traction, Inc.,* 247 Ill. App. 395.''

And in *Ramsay v. Tuthill Bldg. Material Co.,* 295 Ill. 395, the court held that children, because of their lack of judgment, are not to be classed with trespassers, and that where dangerous attractions exist on premises that are not guarded they are deemed to hold out implied invitations to children.

In *Shapiro v. City of Chicago,* 308 Ill. App. 613, a six-year-old boy was injured when his companion threw a lighted match into the gasoline tank of an abandoned automobile. At the time of the accident the automobile was standing partly in a public alley and partly on private property. In that case this court held that the abandoned automobile was an attractive nuisance. We think there is a strong analogy between the *Shapiro* case and the present case and that the *Shapiro* case is decisive of the issues in this case. Defendant relies on cases in other jurisdictions. Dissection of

363

those decisions would serve no useful purpose because of the confusion resulting from the different reasons given for the application of the doctrine of attractive nuisance. See Prosser on Torts, section 77, page 617.

 In the present case the evidence is, in our view, sufficient to support a finding that the defendant could have reasonably anticipated that plaintiff and other children would come upon the lot because of the attractiveness of the dismantled truck and that the resulting injuries were foreseeable.

 Defendant insists that the trial court erred in refusing to give defendant's tendered instructions numbers 1, 2, 3, 4, 5 and 6. Defendant's refused instruction number 1 defines proximate and intervening causes. Examination of the record discloses that plaintiff's given instruction number 3 and defendant's given instruction number 4 adequately state the law governing the same subject matter. Defendant's refused instruction number 2 is substantially the same as defendant's given instructions numbers 5 and 6. Defendant's refused instruction number 3 states in effect that defendant cannot be found guilty of plaintiff's injury if defendant could not have reasonably anticipated injury to plaintiff by leaving the truck in question on his premises. We think defendant's given instruction number 4 adequately states the law governing this question. Defendant's refused instruction number 4 reads: "The court instructs the jury that an owner of land is not bound by law to fence in his property." This instruction as applied to the evidence in this case is defective. In *Ramsay v. Tuthill Bldg. Material Co.*, 295 Ill. 395, the court, in adverting to *City of Pekin v. McMahon*, 154 Ill. 141, held that "the owner of land, where children are allowed or accustomed to play, particularly if it is unfenced, must use ordinary care to keep it in safe condition." Defendant's refused instructions numbers 5 and 6 are not applicable here

because of plaintiff's immaturity, since plaintiff is required to exercise only that degree of prudence reasonable for a child of his age.

From a careful examination of the record we think the cause was fairly tried and that the evidence is ample to justify the verdict and judgment. The defendant's motions for a directed verdict, for judgment notwithstanding the verdict and, in the alternative, for a new trial were, therefore, properly overruled.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

FEINBERG and KILEY, JJ., concur.