James S. Weiss, a Minor, by Mary B. Weiss, His Mother and Next Friend, Appellant, v. City of Chicago, a Municipal Corporation, Appellee.

**Gen. No. 47,521.**

First District, Second Division.

November 10, 1959.

Released for publication December 22, 1959.

Joseph Barbera, of Chicago (Charles D. Snewind, of counsel) for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Harold M. Nudelman, Assistant Corporation Counsel, of counsel) for defendant-appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury suit against the City of Chicago, by a minor, who suffered severe burns from contact with an unattended rubbish fire in a public alley. At the close of plaintiff's evidence, the court directed a verdict and entered judgment for the City. Plaintiff appeals.

■ ■ The principal question is the propriety of the motion of the City for a directed verdict at the close of plaintiff's evidence. It presented the single question, whether there was in the record any evidence which, standing alone and taken with all its intendments most favorable to the plaintiff, tended to prove the material elements of his case. (Lindroth v. Walgreen Co., 407 Ill. 121.) If there was a total failure to prove one or more of the necessary elements of the action, the motion for a directed verdict should have been allowed. Tucker v. New York, C. & St. L. R. Co., 12 Ill.2d 532; Kaplan's, Inc. v. Aetna Ins. Co., 16 Ill. App.2d 541.

On November 24, 1951, plaintiff, then five years of age, suffered severe burns from an unattended rubbish fire in a public alley. There had been similar fires at frequent intervals, with some fires unguarded, with children playing in the vicinity. The City was notified on a number of occasions to do something about the situation and did nothing.

It is plaintiff's theory and contention that these periodic and unattended rubbish fires, of which the City had actual and constructive notice, created a hazardous and dangerous condition in a public alley, or an attractive nuisance, which the City had negligently failed to abate, making it liable in tort to plaintiff for his injuries, and that the evidence presented a question of fact for the jury on the issue of negligence and proximate cause.

■ ■ A municipal corporation is required to exercise ordinary care to keep its streets and alleys in a reasonably safe condition for the use of persons using them, who are themselves in the exercise of ordinary care for their own safety (Fleming v. City of Chicago, 260 Ill. App. 496 (1931)), and this includes the anticipation of dangers which are ordinarily and reasonably to be expected (Chicago & West Suburban

Exp. Co. v. City of Berwyn, 174 Ill. App. 543). It is the duty of a municipality to abate a nuisance in a street or alley, after it has notice, whether caused by unauthorized persons or by servants of the City, and failure to do so renders it liable in tort to individuals injured as a result of its negligence. Shapiro v. City of Chicago, 308 Ill. App. 613 (1941); Roumbos v. City of Chicago, 332 Ill. 70 (1928); Curtis v. City of Paris, 234 Ill. App. 157 (1924).

Many of the cases cited by plaintiff to sustain municipal corporate liability show some negligent act of a municipal employee, which was an efficient cause, without which the injury would not have occurred, as in Roumbos v. City of Chicago, 332 Ill. 70, where a child was badly burned by a pile of trash, which was set fire by a city street cleaning employee; Chicago & West Suburban Exp. Co. v. City of Berwyn, 174 Ill. App. 543 (1912), where a person was injured by a live electric wire, formerly used for fire alarm purposes; Flis v. City of Chicago, 247 Ill. App. 128 (1927), where a minor was injured when a tar kettle, which had been left unguarded by a street repair crew, tipped over on him; Simmel v. New Jersey Coop. Co., 136 A.2d 301 (N. J., 1957), where an infant was severely burned by rubbish ignited by city refuse collectors; and Bowman v. Newburyport, 38 N.E.2d 682 (Mass., 1941), where a minor was severely burned by an unguarded pile of leaves, which had been raked and set on fire by an employee of the street department. We do not believe these cases are in point in the instant case, because there is no showing that any City employee or agency started the fires. The burning of rubbish is not, in itself, a forbidden thing, nor is it so contended, and there is no evidence in the record to show that it is prohibited by ordinance. The attractive nuisance cases cited do not justify the application of that doctrine to the case at bar.

In the instant case, the municipality did not originate or have notice of the specific fire which caused injury to plaintiff, and there is no charge of negligence for its failure to abate it. There was no continuous rubbish fire in the area, nor any possible way to anticipate when or how the next fire would be started or by whom, or if it would be unguarded. All of these elements were in the control of unknown persons. A sign of prohibition might have been of value, but there was no guarantee of its being obeyed, short of placing a 24-hour guard in the area. In a large city such as Chicago, there are daily countless rubbish fires in streets, alleys and vacant lots. What would be an efficient and effective method of preventing unconnected, periodic and unguarded rubbish fires is most difficult to resolve, and the supposition of a standard of conduct to be used as a basis for tort liability, to be followed by a city in fulfillment of such an alleged duty, is unrealistic.

A municipality is not expected to anticipate unusual or extraordinary happenings. In order for liability to be imposed on the municipality, the defect or condition must be such as could have been foreseen and avoided by ordinary care and prudence on the part of the municipality. (Storen v. City of Chicago, 373 Ill. 530 (1940); 9 I. L. P., p. 56, par. 497.) To hold the City responsible for plaintiff's injuries, under the circumstances portrayed by plaintiff's evidence, would be to impose an oppressive and unreasonable burden and shift the care of a child from its parents to strangers. Wood v. Consumers Co., 334 Ill. App. 530 (1948).

We conclude, as a matter of law, that unconnected, periodic and unguarded rubbish fires, started by unknown persons in a public alley, are not included in the type of dangerous street and alley conditions which the City reasonably can be expected to

anticipate or guard against, to make it reasonably safe to travel or for public use, nor for which a failure to abate renders the City liable in tort.

We hold the court properly directed a verdict at the close of plaintiff's evidence, because there was a failure to prove a cause of action in favor of the plaintiff and against the City of Chicago. Therefore, the judgment of the trial court is affirmed.

Affirmed.

KILEY and LEWE, JJ., concur.