PATRICK JOHN REEVES, a Minor, by First National Bank of Springfield, Guardian, Plaintiff-Appellant, *v.* THE CITY OF SPRINGFIELD, Defendant-Appellee.

(No. 11539; ▮▮▮▮▮▮▮▮)

Fourth District—June 19, 1972.

Pratt & Mosele, Ltd., of East Alton, and James H. Manns, of Springfield, (Paul L. Pratt, of counsel,) for appellant.

W. J. Simhauser, City Attorney, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On March 9, 1968, Plaintiff-Appellant, Patrick John Reeves, then five years of age, was playing in an alley between South Street Court and 13th Street in the City of Springfield, Illinois. Also playing in the alley was Brian Greeley who was six years old at the time of this unfortunate incident. During the course of their play, Brian picked up a discarded automobile license plate from the alley, threw it, and plaintiff was struck in the left eye which was subsequently enucleated because of the injury.

Plaintiff sued the City of Springfield. The substance of the Complaint is that the defendant City has the duty to keep the public streets and alleys in reasonably good repair and in safe condition for the general public. That it negligently permitted trash, rubbish and junk to accumu-

late in the alley when it knew, or should have known that children played there, and failed to inspect and correct these unsafe conditions. The case was tried before a jury which returned a verdict in favor of the Plaintiff and assessed damages. The trial court entered judgment for defendant Notwithstanding the Verdict, and Plaintiff appeals from that judgment.

The relevant facts may be summarized as follows:

In 1962, the City stopped collecting garbage; the garbage tax was removed, and since that time citizens, including those whose premises abut the alley in question, have individually contracted with firms and persons engaged in the business of hauling garbage and trash. Plaintiff does not contend that the City is under any statutory mandate to perform garbage removal.

From the time the City ceased its regular removal of garbage there was no regular program to clean up the alleys, nor any regular inspection program. The only time the City removes trash or junk from an alley is on receipt of a complaint from a citizen. Repairs are made to alleys on complaint of a citizen. The City of Springfield has approximately 80 employees during summer months, who work in the Street Department; there are approximately 108 miles of alleys and 250 miles of streets within the corporate limits of the City. Virgil Sims resides on premises which adjoin the alley in question. Sims had removed the license plate in question from his car on February 14, 1968; he recalled this because the new plates were required to be displayed by February 15th. He stated that he put the license plate in his trash barrel in the alley. When he did so is uncertain. Sims was asked "* * * did you ultimately put the license plate in the trash pile to be hauled off?", to which he responded, "Yes", and later said he did put it in the "trash barrel" in the alley. Sims was then asked "What is your normal sequence to put something out there from the house?", and answered "Well, I would probably have took them out when I took it off." After placing the license plate in the trash barrel, Sims had never seen it again until he identified it during the course of the trial. He testified that he had seen children playing with his trash container, taking things from it and leaving them in the alley and that "* * * they still do." The garbage collectors hired by the residents along the alley are supposed to collect the garbage and trash once a week. Some of the residents throw trees and limbs in the alley and burn them. Nelson Fore, City Health Inspector, receives complaints from citizens about the accumulation of trash in alleys. He maintains a ledger in which the complaints are registered and the register showed no complaints received during the year 1968 concerning this alley.

The precise question posed by this appeal is whether or not the City has a duty to constantly inspect and clean up its 108 miles of alleys, and to remove all items with which a child could be injured. Plaintiff urges that a jury question was presented on the issue of foreseeability and whether the license plate was imminently or inherently dangerous. This contention is resolved by the holding in *Donehue v. Duvall*, 41 Ill.2d 377, 243 N.E.2d 222, where the plaintiff, a five year old child, was struck in the eye by a hard clod of dirt thrown by another child. It was alleged that the clod contained fragments of glass. It was further alleged that the clod came from a pile of dirt in defendant's backyard, and that defendant was aware that children played on the pile. The trial court had dismissed the complaint on motion. In affirming the action of the trial court the Supreme Court held that one in control or possession of premises frequented by small children has an obligation not to maintain conditions which may be dangerous or hazardous to them. "But he cannot be required to protect them against every possibility of injury. \* \* \* The injury must be the natural and probable result of a negligent or otherwise culpable act or condition and be of such character as an ordinarily prudent person ought to have foreseen as likely to occur as a result. An injury is not actionable which could not have been foreseen or reasonably anticipated, *and which would not have resulted had not some new and independent cause intervened to produce it.* \* \* \* A pile of dirt is unquestionably attractive to children and the propensity of small boys to throw things at each other is a matter of common knowledge. *But if the objects left accessible to them are not inherently dangerous, harm is not reasonably foreseeable* \* \* \* *it is not enough that a possibility of injury exists.*" (Emphasis supplied.) "After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account." (*Lance v. Senior*, 36 Ill.2d 516, 518, 224 N.E.2d 231.) In *Driscoll v. Rasmussen Corp.*, 35 Ill.2d 74, 219 N.E.2d 483, a child was playing in a trash pile near some construction work. There were paint cans on the pile and the plaintiff and other children were burning the contents of the cans, some of which splashed onto the child's clothing and became ignited. The court denied recovery against the contractor, holding that paint is not inherently dangerous, and that while it is combustible and can be made dangerous if ignited, that this constituted an unusual or extraordinary use not reasonably anticipatable, that the results where not the natural and probable consequence of maintaining a trash pile.

A license plate is not inherently dangerous, and absent careless or

wrongful use no injury would have resulted, and defendant cannot be held to have reasonably foreseen the use to which it was put here.

Almost any object can become an instrumentality of injury when improperly used. To require the City to devote sufficient manpower and funds to continually remove from its alleys every stick, piece of wire, tin can lid, etc., would be to place upon it a task impossible to accomplishment, and an economic burden which the law does not impose. The "magnitude of the burden" must be taken into account. (*Donehue v. Duvall*, 41 Ill.2d 377, 379, 243 N.E.2d 22; *Lance v. Senior*, 36 Ill.2d 516, 518, 224 N.E.2d 231; *Kahn v. Burton*, 5 Ill.2d 614, 625, 126 N.E.2d 836.) In addition this requirement would be tantamount to making the City an insurer of a child's safety, a duty which the law does not place upon it. *Driscoll v. Rasmussen Corp.*, 35 Ill.2d 74, 78, 219 N.E.2d 483.

We do not, by our holding here, intend to suggest that a City has no duty in relation to the condition of its alleys. Cf. *Weiss v. City of Chicago*, 23 Ill.App.2d 280, 282, 283, 284, 162 N.E.2d 601, nor to imply that the duties there delineated may be diluted or obviated by abandonment or inattention by a City.

The trial court was correct in awarding judgment notwithstanding the verdict.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.