MARIA ORTIZ *et al.*, Plaintiffs-Appellees, *v.* THE CITY
OF CHICAGO, Defendant-Appellant.

First District (5th Division)   No. 78-1093

Opinion filed December 21, 1979.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Mary Denise Cahill, Assistant Corporation Counsel, of counsel), for appellant.

Joseph R. Curcio, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Jamin Ortiz, a minor (plaintiff), and his mother brought this action for personal injuries and medical expenses allegedly caused by the negligence of the city of Chicago (defendant) in failing to remove an abandoned van from an alley. A jury awarded plaintiff $22,500 and the trial court entered judgment on the verdict. It is from that judgment that defendant appeals.

On June 29, 1972, plaintiff was burned on his left arm and his upper torso when the gas tank of a van which had been abandoned in an alley burst into flames. He brought this action against the defendant alleging that it carelessly and negligently failed to remove the van from the alley and that this failure was the proximate cause of his injuries. The following pertinent testimony was adduced at trial.

Mrs. Rivera, plaintiff's neighbor, testified that the van had been parked in the alley for approximately two months before the accident. The wheels were gone, the doors and windows were broken, and the van was stripped. She considered it dangerous because some children played around it. She called the police about four times and told them about the van and its danger to the children.

On the day of the accident, children were playing ball in the alley and Mrs. Rivera heard a loud noise and saw a flash of light. She saw plaintiff standing in the alley with his clothes afire. The next day the van was removed. There was a police station about 1½ blocks from her house.

Carmen Rios, another of plaintiff's neighbors, testified that the van had been in the alley for about 2 to 2½ months. She had called the police two or three times to tell them about the van. She had also stopped squad cars to complain about the van. On the day of the accident she did not hear any firecrackers exploding. The van was towed from the alley on the following day.

Mrs. Whittle, who lived near plaintiff, testified that the van had been

in the alley for several months and had two tow tickets on it. She had also called the police several times to inquire why the van had not been towed. She did not hear any firecrackers on the day of the accident.

Gilbert Ortiz, plaintiff's older brother, testified that the van had been in the alley for 2½ to 3 months and was stripped.

Plaintiff testified that he was born on August 13, 1961. On June 29, 1972, he had just finished delivering papers on his daily route and was on his way home when the accident occurred. He stopped in the alley to play catch with some friends and then walked past the van. As he was walking next to the van he heard an explosion and he caught fire. He ran until a woman put a cover over him to smother the fire.

He could not remember if any of the boys in the alley were playing with firecrackers before the accident but stated that he was not. In response to defense counsel's question if plaintiff knew what caused the fire that burned him, plaintiff answered, "They said it was a firecracker." Plaintiff's counsel objected and the answer was stricken as hearsay and the jury was instructed to disregard it.

David Ortiz, plaintiff's brother, testified that before the explosion he was playing catch with plaintiff and his friends. About 10 minutes after plaintiff left to go home, there was an explosion and he saw that his brother was afire. He also stated that the van had been parked in the alley for three to four months. He denied speaking to any police officers after the accident and specifically to Officer Cristia. He denied that he, plaintiff, or any other boy had been playing with firecrackers before the accident.

*For the Defense*

Chicago police officer Newman of the auto pound section testified that cars to be towed are classified as immediate or abandoned tows. Immediate tows include stolen cars and cars involved in accidents which are immediate traffic hazards. Each police district has men assigned to locate abandoned cars, write tow reports, and give them to a foreman who assigns trucks to tow the cars to a city auto pound. In 1972, there were 2786 abandoned vehicles and 1964 immediate tows in plaintiff's police district. At that time the district had one or two trucks to tow abandoned cars and were aided by private trucks and trucks from the Department of Streets and Sanitation. Officer Newman acknowledged that according to police policy, the ordinance and statutes authorizing the towing of vehicles were vigorously enforced. He agreed that the Police Department defines a "hazard" as a vehicle located on a public way in such a manner as to constitute a clear and present danger to the safety of the community or an obstruction to the normal thoroughfare of traffic. He

also agreed that an "abandoned tow" is a vehicle unused or unmoved for a period of seven days.

Chicago police officer Fleming testified. At the time of the accident he was an abandoned-auto officer in plaintiff's district. His duties included locating abandoned cars, writing a tow report, and seeing that the cars were towed. In June 1972, there were two abandoned-auto officers in the district. He stated that he had no knowledge of the towing of a Ford van from the scene of the accident on June 29, 1972, and that any tow report would have been destroyed within a year of the tow. In 1972 the number of trucks in the district varied from two to five. Since the police department had no trucks of their own, private trucks and trucks from the Bureau of Streets and Sanitation are used for towing purposes.

Chicago police officer Cristia testified that he investigated plaintiff's accident but did not have an independent recollection of his investigation. By referring to his report of the incident, he stated that he spoke with David Ortiz following the accident. At this point plaintiff's counsel objected to questions regarding the substance of the conversation on hearsay grounds. At the sidebar, defendant's counsel stated that Officer Cristia would testify that David Ortiz told him that "they" were playing with firecrackers on the day of the accident and that this would impeach David's credibility. The court felt that "they" was ambiguous and refused to speculate whether it included David and plaintiff. He therefore refused to allow impeachment by this evidence. Defense counsel sought to ask Cristia if he remembered to whom "they" referred, but the court denied the request since the officer had already shown that he had no independent recollection of the investigation. Cristia was allowed to testify that David told him that he had removed the gasoline from the van's tank on the day before the accident. An offer of proof was made outside the presence of the jury. Officer Cristia testified that David Ortiz told him that shortly before the fire, he and several friends, including plaintiff, were playing by a van and that someone put a firecracker into the van's gas tank and that he saw fire coming from the van's gas tank. Plaintiff's attorney again objected to the offer on hearsay grounds. The court declined the offer of proof.

The jury found for plaintiff and set damages at $22,500. A special interrogatory asking "Do you find that the plaintiff immediately before and at the time of the occurrence in question was guilty of negligence which proximately caused or contributed to the accident?" was answered "No."

OPINION

On appeal, defendant contends that: (1) the plaintiff's failure to plead

or prove wilful and wanton negligence bars recovery; (2) defendant had no duty to remove the van from the alley; (3) defendant could not have foreseen the possibility that the van might explode spontaneously; and (4) the court erred in refusing to permit impeachment of David Ortiz regarding the use of firecrackers. At oral argument, counsel for defendant informed this court that the fourth issue had been abandoned as grounds for reversal. Because of the disposition of this appeal, it is only necessary to address defendant's third contention.

■■ A complaint for negligence must set out the existence of a duty to the injured party, a breach of that duty and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617; *Publication Corp. v. Chicago River & Indiana R.R. Co.* (1977), 49 Ill. App. 3d 508, 364 N.E.2d 523.) A local public entity has a duty to exercise ordinary care to maintain its property in a reasonably safe condition. (Ill. Rev. Stat. 1977, ch. 85, par. 3—102; *Horton v. City of Ottawa* (1976), 40 Ill. App. 3d 544, 352 N.E.2d 23.) The duty requires that a city keep its streets and alleys in a reasonably safe condition for the use of persons who are in the exercise of ordinary care for their own safety. (*Weiss v. City of Chicago* (1959), 23 Ill. App. 2d 280, 162 N.E.2d 601; *Fleming v. City of Chicago* (1931), 260 Ill. App. 496; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 393 N.E.2d 725.) In the instant case, the evidence presented at trial did not establish a breach of that duty or that plaintiff's injuries were proximately caused by any act or omission of the defendant.

Defendant initially contended that it should have been allowed to impeach David Ortiz regarding the possible use of firecrackers by the boys. Because defendant no longer urges this claim, evidence of their possible use will not be considered on appeal. There is no evidence in the record to show that an external force or agency caused the gas tank to explode. Therefore, it must be assumed that the tank exploded spontaneously. Defendant argues that such an occurrence is so unforeseeable that it is not liable as a matter of law.

■■ Plaintiff presented no evidence at trial to show the possibility that an abandoned vehicle could explode spontaneously. Nor is that event a common one or of such a nature that a juror would be aware of its likelihood from his own observation and experience in the affairs of life. While it may be foreseeable that a child could place a lighted match into the gas tank of an abandoned vehicle, thereby causing his injury (*Featherstone v. Freeding* (1953), 349 Ill. App. 359, 110 N.E.2d 535; *Shapiro v. City of Chicago* (1941), 308 Ill. App. 613, 32 N.E.2d 338), it is not reasonably foreseeable that a vehicle will spontaneously explode causing injury to a passerby.

■■■ Because the explosion of the van was not reasonably foreseeable, defendant cannot be held liable in negligence for plaintiff's injuries.

Foreseeability is considered as a factor in determining the existence of a legal duty and also is considered in deciding whether a certain negligent act is the proximate or legal cause of an injury. (Compare *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617, with *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205.) Although foreseeability may enter into the analysis of both elements, the question of the existence of a legal duty is a question of law to be determined by the trial court (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535), while the issue of proximate cause is ordinarily a question for the jury. (*Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203; *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) In this case the unforeseeability of the explosion requires that defendant is not liable either because it owed no duty to plaintiff or because any negligence on the part of defendant was not the proximate cause of plaintiff's injuries.

■■ The supreme court has made it clear that in determining whether a legal duty exists, the occurrence must have been reasonably foreseeable; more than a mere possibility of occurrence is required. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) "No man can be expected to guard against harm from events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded." (Prosser, *Torts* §31, at 146 (4th ed. 1971).) The existence of a legal duty is not dependent on the factor of foreseeability alone but includes consideration of public policy and social requirements. (*Cunis v. Brennan*; *Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307.) Aside from the unforeseeability of the explosion, other considerations require that no duty be imposed on defendant under the facts of this case. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231; *Reeves v. City of Springfield* (1972), 5 Ill. App. 3d 880, 284 N.E.2d 373.) As already noted, the likelihood of injury here is extremely remote, if it exists at all. The burden of guarding against spontaneously exploding gas tanks would be great, as all abandoned vehicles would have to be towed immediately since each would be equally susceptible to explosion. Considering the number of these vehicles in plaintiff's district alone, this would place an undue burden on defendant. The consequence of such a duty would be that defendant would have to acquire additional tow trucks and manpower, which would place an undue economic burden on defendant.

■■ A duty is an obligation imposed by law which requires one to conform to a certain standard of conduct for the protection of another against an unreasonable risk. (*Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 393 N.E.2d 725; see *Fancil v. Q.S.E. Foods, Inc.* (1975), 60

Ill. 2d 552, 328 N.E.2d 538; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.) Considering all of the factors detailed above, we conclude that the risk in this case was not unreasonable or foreseeable and that defendant owed no duty to protect plaintiff from the injuries he suffered as a result of the explosion. "A municipality is not expected to anticipate unusual or extraordinary happenings." (*Weiss v. City of Chicago* (1959), 23 Ill. App. 2d 280, 284, 162 N.E.2d 601.) The facts in the record present just that sort of an extraordinary happening.

■■ Even if defendant had breached a duty to plaintiff in this case, we do not find that the alleged negligent failure to tow the van was the proximate cause of plaintiff's injuries. To be proximately caused by a defendant's negligence, an "injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act." (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 111, 382 N.E.2d 1205, quoting from *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 380-81, 50 N.E.2d 497.) As already concluded, an ordinarily prudent person would not foresee that failure to tow an abandoned vehicle would result in its spontaneous explosion causing injury to a passerby. The injury suffered here is not the natural and probable consequence of permitting a van to remain in an alley.

■■ There was no proof introduced at trial to show that a vehicle could spontaneously explode or that the likelihood of such an occurrence increased in proportion to the length of time the vehicle remained derelict. In short, there was no proof that the failure to remove the van caused its explosion and the resulting injuries. Liability cannot be based on surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. (*Potter v. Edgar* (1975), 34 Ill. App. 3d 33, 339 N.E.2d 321; see *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483.) A jury cannot be allowed to predicate a verdict on mere conjecture or surmise. (*Publication Corp. v. Chicago River & Indiana R.R. Co.* (1977), 49 Ill. App. 3d 508, 364 N.E.2d 523.) Because of the lack of proof at trial that defendant's failure to tow the van was the proximate cause of his injury, and because he did not prove a breach of duty by the defendant, plaintiff did not sustain his burden of proof to establish a cause of action in negligence, and the jury's verdict may not stand.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.